KILGOUR *v.* REMINGTON-RAND, INC.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—UNAP-
PEALED ORDER FINAL.

Order granting employer's petition to stop compensation awarded
for injury to fingers under workmen's compensation act (2
Comp. Laws 1915, § 5440, as amended by Act No. 63, Pub.
Acts 1927), where not appealed from, was final.

2. SAME—UNAPPEALED ORDER BARS FURTHER COMPENSATION IN AB-
SENCE OF SHOWING OF CHANGED CONDITION.

Unappealed order stopping compensation payments precluded
employee from recovering further compensation in absence of
showing of change for worse in his condition.

Certiorari to Department of Labor and Industry.
Submitted October 9, 1930. (Docket No. 43, Calen-
dar No. 35,053.) Decided January 7, 1931.

Emery G. Kilgour presented his claim against
Remington-Rand, Inc., a corporation, employer, and
Michigan Mutual Liability Company, a corporation,
insurer, for accidental injury. Order denying addi-
tional compensation is reviewed by plaintiff by cer-
tiorari. Affirmed.

*Wm. J. Howard,* for plaintiff.

*L. J. Carey* (*Geo. J. Cooper,* of counsel), for de-
fendants.

NORTH, J. Plaintiff, while in defendant's employ
operating a punch press, received an injury to his
right hand which resulted in the amputation of the
distal phalanges of the second and third fingers of

his right hand, a laceration of the index finger and little finger, and loss of the tip of the little finger. A settlement agreement was entered into awarding the plaintiff $14.40 during a disability period of 25 weeks. This was the statutory compensation for plaintiff's injury to his second and third fingers. Section 5440, 2 Comp. Laws 1915, as amended by Act No. 63, Pub. Acts 1927. When the final payment on this award was tendered to plaintiff he refused to sign a settlement receipt. Thereupon the defendant filed a petition to stop. Upon the hearing of this petition the deputy's finding and order in part was as follows:

"Plaintiff has received all the compensation he is entitled to for loss of second and third fingers at first joint. From May 10, 1929, up to and including October 31, 1929, a period of 25 weeks. The deputy commissioner further finds, in view of the above facts, petition to stop compensation as of October 31, 1929, should be and the same is hereby granted."

No appeal was taken from this order. However, about five days later plaintiff filed the petition now before us in which he seeks further compensation. On the hearing before a deputy commissioner an award for partial disability was made. On review before the full board the deputy's award was reversed, and plaintiff denied relief. The final determination of the department of labor and industry is based upon the fact that plaintiff took no appeal from the order of the deputy commissioner granting the employer's petition to stop payment, and the further fact that this record contains neither an allegation nor testimony tending to prove that plaintiff's condition was worse at the time he filed his present petition for further compensation than on the day when the deputy entered the order to stop.

The department was right in holding that, since no appeal was taken from the deputy's order to stop, it was a final adjudication of plaintiff's claim for compensation as of that date; and that since a change of condition for the worse was neither alleged nor proven by plaintiff, further compensation could not be granted. This holding is in accord with *Pocs* v. *Buick Motor Co.*, 207 Mich. 591; *Harris* v. *Castile Mining Co.*, 222 Mich. 709; *Anderson* v. *Ford Motor Co.*, 232 Mich. 500, and *Miller* v. *Keene*, 232 Mich. 596.

. We think these decisions are not affected by the recital in plaintiff's first settlement agreement:

"That in case the said injured employee * * * is incapacitated in his employment at the end of the above period because of injuries other than the loss of said members as a result of said accident, he shall be entitled to compensation for total or partial disability as the facts and law warrant at the end of said period."

If plaintiff believed he was entitled to further compensation because of injuries other than the loss of the distal phalanges of the second and third fingers of his right hand, he should have presented such claim incident to the hearing of defendant's petition to stop. To hold otherwise would practically prevent the department of labor and industry from making an award which would in any way be a finality or binding upon either the employer or employee. The adjudication on the petition to stop was final. *Burley* v. *Central Paper Co.*, 221 Mich. 595.

The order of the department of labor and industry is affirmed, with costs to the appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.