## STEVENS v. CONSUMERS POWER CO.

1. MASTER AND SERVANT—FURTHER COMPENSATION—CHANGE OF CONDITION—FINDING OF FACT.

On petition for further compensation finding of fact, having evidentiary support, that employee's condition had changed for the worse since approval of final settlement agreement, necessarily rejected his testimony that he had been incapacitated by the accident since the time thereof.

2. SAME—DISABILITY DUE TO ACCIDENT.

On petition for further compensation finding of fact that employee's present total incapacity was due to accident is without supporting evidence where founded solely upon medical testimony which was based upon assumption of truth of fact that was rejected by department.

Appeal from Department of Labor and Industry. Submitted January 18, 1934. (Docket No. 105, Calendar No. 37,587.) Decided April 3, 1934.

Joseph Stevens presented his claim for compensation against Consumers Power Company for accidental injury while in defendant's employ. On petition for further compensation. Petition granted. Defendant appeals. Reversed.

*Roy T. Conley,* for plaintiff.

*Arthur J. Paul,* for defendant.

FEAD, J. August 7, 1931, plaintiff was injured by explosion of a fire pot, his face and chest burned, and he inhaled some flames. He was 69 years of age and had been employed by defendant for 10 years.

August 23d report of compensable accident was filed and agreement for compensation made which was later approved by the department.

Plaintiff returned to work September 7th and was employed by defendant until November 10, 1931, when, with other men, he was discharged. Full settlement receipt had been executed by him on September 12th and, after notice, it was approved by the department September 30th.

January 23, 1933, plaintiff filed a petition for further compensation. Defendant denied that plaintiff's existing condition was the result of the accident and hearing was had before a deputy commissioner May 9th. During the hearing defendant amended its denial of liability to charge that there had been no change for the worse in plaintiff's condition as a result of the accident. May 24th the deputy commissioner entered an order denying compensation.

On review by the commission, further testimony was taken September 29th. November 6th the commission entered an award granting total disability compensation from November 10, 1931.

There appears little dispute but that plaintiff is totally incapacitated from labor. The case presents two other issues of fact, both held by the department in favor of plaintiff.

The first issue is whether plaintiff's condition had changed for the worse after the approval of the settlement. *Kilgour* v. *Remington-Rand, Inc.*, 252 Mich. 657. Defendant claimed that during the period plaintiff worked after the accident he was able to perform the labor as before, that he wholly recovered from the injury and his present incapacity is due to age. Plaintiff, at the hearings both before the commissioner and the commission, insisted that he had been totally incapacitated from labor from the time

of the accident. In finding a change of condition as a fact, therefore, the commission necessarily rejected plaintiff's testimony. If plaintiff has been totally incapacitated from the time of the accident, there has been no change of condition entitling him to further compensation.

However, there is no testimony in the record which supports a finding of fact of total disability on November 10, 1931, except plaintiff's claim of such incapacity from the time of the accident, rejected by the commission.

The second issue is whether his present condition of incapacity is due to the accident. Plaintiff's case in this respect rests upon the testimony of Dr. Leonard Henry, who examined him in August, 1933, found an enlargement of the heart, rapid pulse after exercise, harsh breathing and moisture in the bases of the lungs. The history of the case was propounded to Dr. Henry in a hypothetical question containing the following:

"Who has been unable *since the date of the accident,* to lie flatly on his back because in so doing he suffers severe choking, coughing and pains in his chest and by so doing causes his heart to beat much faster than normal; and to flutter. * * * After the burns were completely healed, three weeks subsequent to the accident, he returned to the Consumers Power Company—about four weeks after the accident but *found it impossible to do any manual labor whatever* or to exert himself in any manner because in so doing he suffered great fatigue, pains in his chest, much sweating, caused his heart to beat much faster than normal, and caused his heart to flutter. He was, later, on November 10, 1931, discharged from the employ of the Consumers Power Company, *but from the date of the accident until the present time suffered* and does suffer great fatigue and rapid

heart beat, fluttering of the heart, much sweating when expending any energy or on accelerated motion in any manner whatever; who, at the present time suffers from an enlarged heart, has moisture in the base of his lungs. Now, doctor, from that history and from the examination of Jo Stevens which you made, what, in your opinion, is the present disability of Jo Stevens?

"*A*. He is totally disabled from manual labor.

"*Q*. From the history, doctor, that has been given and from your examination, what is the primary cause of the present disability of Jo Stevens?

"*A*. I believe, knowing the history and the accident evidently occurring, that the man suffers from a bronchial pneumonia, or severe bronchitis caused, in my opinion, from the inhalation of fumes, the result of the combustion of gasoline; that, as a result of the same fumes, it has left him permanently disabled.

"*Q*. In other words, that the accident would be the primary cause of his present disability?

"*A*. Yes, sir."

Defendant's witness, Dr. Russell L. Finch, after testifying that, in his opinion, plaintiff's present condition is due to natural causes, testified on cross-examination:

"*Q*. Yes, up until the accident, and then the accident happening as it has been described to you, and you saw his condition, and you got the history of where he has been unable to do any manual work whatever after what happened on that day—and so forth.

"*A*. He has never worked since?

"*Q*. Never has been able to work since—assuming that the record shows that, would you say that the accident entered into the picture at all?

"*A*. Yes, I think it did."

The testimony, to support the finding that plaintiff's present condition is due to the accident, is based upon the essential assumed fact that he was totally incapacitated by the accident. The commission found the assumed fact untrue by finding that his condition has changed. This leaves the medical opinion upon the second issue without foundation and, therefore, not evidence.

There was testimony from which the commission could find in favor of plaintiff on the first issue of fact, but such finding left the second issue of fact without supporting evidence.

Award reversed.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.