McKAY *v.* JACKSON & TINDLE, INC.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—REVIEW OF PAYMENTS—CHANGE OF CONDITION.

   Review of weekly payments provided by workmen's compensation act is possible only when there has been a change in the physical condition of the employee (2 Comp. Laws 1929, § 8453).

2. Same—Petition for Further Compensation—Evidence—Same Disability.

> Testimony taken at hearing on petition for further compensation which disclosed that physical condition of employee at and since time of previous award, not appealed from, was one of total incapacity to perform work engaged in at time injury occurred *held,* insufficient to support award increasing compensation to minimum for total disability, since failure to appeal from previous award precludes recovery on subsequent petition showing same disability.

> Potter, J., dissenting.

Appeal from Department of Labor and Industry. Submitted June 6, 1934. (Docket No. 46, Calendar No. 37,706.) Decided September 18, 1934.

Dan McKay presented his claim against Jackson & Tindle, Incorporated, employer, and Lumbermen's Mutual Casualty Company, insurer, for injuries received while in defendant's employ. On petition for further compensation. Award to plaintiff. Defendants appeal. Reversed.

*Dan McKay, in pro. per.*

*Kerr, Lacey & Scroggie,* for defendants.

Edward M. Sharpe, J.    Prior to December 21, 1931, plaintiff was an able-bodied man and able to do such manual labor as might be required from a man employed in lumbering.    On the above date and while so employed by defendant Jackson & Tindle, Inc., in cutting a road through to some logs, a tree fell upon him, striking his head, back, arm and shoulders.    By agreement filed and approved January 23, 1932, plaintiff was to be paid compensation at the rate of $7 per week during the period of total disability, based on the fact that his average weekly wage was $7.86.

June 16, 1932, defendants filed a petition to stop compensation. Hearing on this petition was had September 3, 1932, by a deputy commissioner and an award was made allowing plaintiff compensation for partial disability at the rate of $3.50 per week. At this hearing no testimony was taken and the award was based on verbal stipulations between the parties and their attorneys. No appeal was taken from this award.

July 17, 1933, plaintiff filed a petition for further compensation claiming total disability as of January 1, 1933. A hearing was held on this petition September 23, 1933, at which time the plaintiff testified that he suffered more pain than usual, was more crippled and had been totally disabled since September 3, 1932. It was conceded that at this last hearing the plaintiff had a 100 per cent. disability. The deputy commissioner entered an award making no change in the amount of compensation to be paid plaintiff. Upon appeal the department of labor and industry awarded plaintiff compensation of $7 per week from April 1, 1933, from which order defendants appeal to this court.

In a long series of cases beginning with *Estate of Beckwith* v. *Spooner,* 183 Mich. 323 (Ann. Cas. 1916 E, 886), this court has held that the review of weekly payments provided by the compensation act (2 Comp. Laws 1929, § 8453) is possible only where there has been a change in the physical condition of the injured employee.

In the present case the department found as a fact from the testimony that there had been a change in plaintiff's condition since the hearing of September 3, 1932. The only question for us to decide is whether the department was justified in reaching that conclusion. The following testimony is taken from plaintiff's examination:

"*Q.* Mr. McKay, you say that you have not done any work since the last hearing here in 1932?

"*A.* Yes.

"*Q.* Have you attempted to get a job at all since that time?

"*A.* No.

"*Q.* This pain that you have been having in your head that you tell us about, has that been continuous? Have you had that ever since the time of the injury?

"*A.* Yes.

"*Q.* And this inability to use your neck that you testified to and to turn your head, has that been continuous since the time of the injury?

"*A.* Pretty near but it is getting worse all the time.

"*Q.* And it has been in that condition since the time of the last hearing we had here?

"*A.* Yes, sir.

"*Q.* And this pain you have up and down your spine from the hips, as you indicate, clear up to your head, has that been there ever since the injury?

"*A.* Yes.

"*Q.* At the time of the last hearing that we had here on September 3, 1932, you claimed at that time that you were totally disabled, didn't you?

"*A.* Yes.

"*Q.* And in your opinion were you totally disabled at that time?

"*A.* Yes, sir.

"*Q.* And you claim you have been totally disabled ever since that time?

"*A.* Yes, sir.

"*Mr. Peters* (attorney for defendants): That's all.

"*Mr. Peura* (attorney for plaintiff): *Q.* Dan, why haven't you tried to work since September, 1932?

"*A.* I couldn't work.

"*Q*. Dan, do you feel any better or worse than you did in September of last year?

"*A*. I am feeling worse all the time.

"*Q*. How, in what way?

"*A*. In my back and head. I am weak."

From the above testimony we must conclude that at the hearing held September 3, 1932, plaintiff was totally incapacitated from performing manual labor and that the only change in his condition is that he has become weaker and suffers more pain. As was said in *Levanen* v. *Seneca Copper Corp.,* 227 Mich. 592, 601:

"The test of an injured employee's right to compensation is his inability by reason of the accident to work and earn wages in the employment at which he was engaged when injured. If he was totally incapacitated when he filed his first petition, his condition in that respect could not change for the worse."

The failure of the plaintiff to appeal from the award made by the deputy commissioner September 3, 1932, when he (the plaintiff) was totally incapacitated from performing manual labor, now precludes him from recovering upon a subsequent petition showing the same disability.

As there is no evidence to support the finding of the department, the award is vacated with costs to defendants.

Nelson Sharpe, C. J., and North, Fead, Wiest, Butzel, and Bushnell, JJ., concurred with Edward M. Sharpe, J.

Potter, J. I think the award should be affirmed.