MARTIN v. KALAMAZOO VEGETABLE PARCHMENT CO.

1. JUDGMENT—AWARD UNDER WORKMEN'S COMPENSATION ACT—RES JUDICATA.

　　Award of compensation made by deputy commissioner from which no appeal was taken and under which compensation was accepted *held, res judicata* as to matters prior to such date.

2. WORKMEN'S COMPENSATION—RES JUDICATA—CHANGE OF CONDI-
   TION.

    On defendant's appeal from award on employee's second peti-
       tion for further compensation because of greater degree of
       disability, award is modified to vacate portion as to period
       prior to its date where award on first petition, not having
       been appealed from, was *res judicata* as to such period, and
       affirmed for period following where there is evidence of change
       of condition of employee for subsequent period.

Appeal from Department of Labor and Industry.
Submitted April 2, 1935. (Docket No. 19, Calendar
No. 38,288.)  Decided May 17, 1935.

Charles E. Martin presented his claim against
Kalamazoo Vegetable Parchment Company, em-
ployer, and Indemnity Insurance Company, insurer,
for injuries received while in defendant's employ.
On petition for further compensation.  Award to
plaintiff.  Modified and remanded.

*Henry M. Kimball,* for plaintiff.

*Bishop & Weaver,* for defendants.

EDWARD M. SHARPE, J.  Plaintiff while in the em-
ploy of defendant company suffered a compensable
injury as of December 7, 1925.  Compensation was
paid to May 27, 1926, when a settlement receipt was
executed by plaintiff and later filed with the depart-
ment of labor and industry.

January 26, 1933, plaintiff filed a petition for fur-
ther compensation and on March 2, 1933, the deputy
commissioner granted plaintiff an award of $.7774
a week for permanent partial disability from May 25,
1926.  At the time of the hearing before the deputy
commissioner, plaintiff was present but not repre-
sented by counsel.  He did discuss the matter with
the attorney for the compensation carrier; no testi-
mony was taken, and the deputy commissioner

viewed the injury to plaintiff and questioned him concerning the same. As a result of these negotiations the award was made as above stated. Compensation was paid upon this award until August 3, 1933. In November, 1933, planitiff filed a second petition for further compensation, claiming a greater degree of disability since March, 1933. This petition was further amended as of January 4, 1934, in which plaintiff claims that an agreement "entered into by stipulation between the petitioner and defendants herein on or about May 25, 1933, has not been approved by the department of labor and industry." On March 6, 1934, a hearing was had before the deputy commissioner and compensation was granted to plaintiff in the sum of $6.55 per week for permanent partial disability of 475⅓ weeks from May 28, 1926. Upon appeal to the department of labor and industry and the taking of additional testimony concerning plaintiff's condition prior to the March 2, 1933, award, the commission modified the award of March, 1933, by reducing the compensation for the period from May 28, 1926, to November 9, 1933, to $4 per week and granting compensation after November 9, 1933, at the rate of $6.05 per week. Upon the hearing before the deputy as well as the commission the defendants filed objections to the taking of testimony as to plaintiff's condition prior to March, 1933, contending that the award of March 2, 1933, unappealed from and with compensation thereunder, is *res judicata* as to matters and conditions prior thereto. From such award defendants appeal.

The award of March 2, 1933, made by the deputy commissioner and unappealed from is *res judicata* as to matters prior to such date. We held in *McKay* v. *Jackson & Tindle, Inc.*, 268 Mich. 452, that "the failure of the plaintiff to appeal from the award made by the deputy commissioner September 3, 1932,

when he (the plaintiff) was totally incapacitated from performing manual labor, now precludes him from recovering upon a subsequent petition showing the same disability."

See, also, *Wilson* v. *Tittle Bros. Packing Co.*, 269 Mich. 501.

However, we find from an examination of the record that there is evidence of a change of condition in plaintiff subsequent to November 9, 1933, upon which the commission was warranted in making an award.

The award of the commission made November 28, 1934, should be modified by vacating that part of the award granting compensation from May 28, 1926, to November 9, 1933, but otherwise affirmed, with costs to defendants. The case is remanded to the department of labor and industry for further proceedings in accordance herewith.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.