MacDONALD *v.* GREAT LAKES STEEL· CORP.

1. WORKMEN'S COMPENSATION — EARNING CAPACITY — BURDEN OF PROOF.

Actual earning of wages establishes an earning ·capacity which *prima facie* continues after discharge from employment in which wages are earned and burden of showing a change in earning capacity thereafter to entitle employee to reinstatement of original award or decrease of set-off against it is upon employee (2 Comp. Laws 1929, § 8427[e]).

2. SAME—BURDEN OF PROOF—COMPENSATION.

Burden of proof of right to compensation and its amount is on the employee.

3. SAME—DISCHARGE—CHANGE OF EARNING CAPACITY—BURDEN OF PROOF.

Requirement that employee, who has been awarded compensation, reemployed at a lesser wage and suffered a reduction of rate of compensation and then discharged, be required to show a change of earning capacity in order to be entitled to restoration of original award or decrease of set-off does not require him to show a change of physical condition after such discharge, nor does it prevent his showing his actual earning capacity as affected by his physical condition, ·his ability to work, market for his labor and other pertinent circumstances (2 Comp. Laws 1929, § 8427[e]).

4. SAME—PRESUMPTION OF CONTINUED EARNING CAPACITY.

On employee's petition for reinstatement of full original award after discharge following reemployment, presumption that earning capacity as evidenced by such employment continued *held*, not rebutted (2 Comp. Laws 1929, § 8427[e]).

Appeal from Department of Labor and Industry. Submitted January 15, 1936. (Docket No. 74, Calendar No. 38,699.) Decided March 2, 1936.

A. H. MacDonald presented his claim for compensation against Great Lakes Steel Corporation, employer, and Michigan Mutual Liability Company,

insurer, for accidental injuries sustained while in defendant's employ. On petition for determination of rate of compensation and amount due. Award to defendants. Plaintiff appeals. Affirmed.

*Charles Bowles,* for plaintiff.

*L. J. Carey* and *Geo. J. Cooper,* for defendants.

Fead, J. Under approved agreement plaintiff was awarded compensation of $16.80 per week for total disability as a carpenter, skilled labor. He returned to work for the same employer as a watchman, unskilled labor, at $16 per week. In *MacDonald* v. *Great Lakes Steel Corp.,* 268 Mich. 591, we held that, while engaged in such employment, his earnings constituted a set-off against the award, reducing the latter to $9.20 per week, under the proviso in 2 Comp. Laws 1929, § 8427 (e), which reads:

"Provided, The compensation payable, when added to his wage-earning capacity after the **injury** in the same or another employment, shall not exceed his average weekly earnings at the time of such injury."

While the case was pending in this court plaintiff was discharged by defendant and has not since been employed. He petitions for reinstatement of his full original award. He makes no showing of change of physical condition or ability to work, of inability to obtain a job, that he belongs in the class of "nondescript" or "odd lot" labor, *Hood* v. *Wyandotte Oil & Fat Co.,* 272 Mich. 190, nor that otherwise there has been a change in his actual earning capacity since his discharge. The department refused to reinstate the original award on the ground that a wage-earning capacity had been established by the

employment and no change in such capacity had been shown.

The action of the department amounts to a ruling that the actual earning of wages establishes an earning capacity under the proviso in 2 Comp. Laws 1929, § 8427 (e), that, *prima facie,* such earning capacity continues after the discharge of the employee from the employment in which the wages are earned and that the burden of showing a change of earning capacity when the employment ceases (in order to reinstate the original award or to decrease the set-off against it) is upon the employee. This is merely an application of the rule that the burden of proof of right to compensation and its amount is on the employee. The *prima facie* assumption of continuance of earning capacity is in accord with ordinary human experience and not unfair.

The ruling does not require the employee to show a change of physical condition after his discharge. Nor does it prevent his showing his actual earning capacity after the employment ceases, as affected by his physical condition, his ability to work, the market for his labor and other pertinent circumstances.

Plaintiff having failed to present evidence to rebut the *prima facie* showing of earning capacity resulting from actual employment, the award is affirmed.

North, C. J., and Wiest, Butzel, Bushnell, Edward M. Sharpe, Potter, and Toy, JJ., concurred.