PENTRACK *v.* MOTOR PRODUCTS CORP.

1. WORKMEN'S  COMPENSATION — FURTHER  COMPENSATION — PRIOR AWARD.
    In proceeding for further compensation, employee's condition as of date of former award *held,* adjudicated thereby where no appeal therefrom had been perfected.

2. SAME—EVIDENCE NOT WEIGHED ON APPEAL.
    On appeal from department of labor and industry, Supreme Court does not weigh the evidence.

3. SAME—FURTHER COMPENSATION—TOTAL DISABILITY—EVIDENCE.
    In proceedings for further compensation, finding of department of labor and industry that employee was totally disabled from following her usual employment is affirmed where supported by competent evidence, notwithstanding prior unappealed award adjudicated condition to be partially disabling although employee then claimed total disability.

Appeal from Department of Labor and Industry. Submitted April 15, 1936. (Docket No. 98, Calendar No. 38,858.) Decided June 16, 1936.

Stella Pentrack presented her claim against Motor Products Corporation, employer, and Michigan Mutual Liability Company, insurer, for accidental injuries sustained during employment. On petition for further compensation. From award to plaintiff, defendants appeal. Affirmed.

*Samuel Charfoos,* for plaintiff.

*L. J. Carey* and *George J. Cooper,* for defendants.

EDWARD M. SHARPE, J. On May 19, 1932, plaintiff, while in the employ of defendant company, suffered

a compensable injury to her right hand and by agreement was paid compensation during total disability. On July 29, 1932, defendants filed a petition to stop or reduce compensation, a hearing was had on this petition on October 7, 1932, and an award entered stopping compensation as of September 1, 1932.

On April 23, 1935, plaintiff filed a petition for further compensation claiming "the injury to the right hand either totally or partially disables the plaintiff in the general field of labor." The defendant company filed an answer to this petition for further compensation in which it set up the defense that there had been no change for the worse in the plaintiff's condition since the date of the last hearing and also claimed that:

"Since the plaintiff maintained in the original hearing of 1932 that she was unable to work, and consistently maintained the same attitude in the second hearing, that as a corollary there could be no change in her physical condition, affecting her ability to work and earn wages, as one cannot be more than totally disabled."

On June 28, 1935, an award was entered in behalf of the plaintiff by the deputy commissioner granting plaintiff compensation at the rate of $9.50 per week for total disability from February 1, 1933. This award was affirmed by the department of labor and industry. Defendants appeal.

In the previous hearing to stop compensation, plaintiff testified that she was unable to work, but the deputy commissioner evidently rejected her testimony and relied upon other evidence which was to the effect that plaintiff had recovered sufficiently so as to be able to return to her former employment. An appeal from this award not having been perfected, plaintiff's condition as of that date is adjudicated.

In *Stevens* v. *Consumers Power Co.,* 266 Mich. 591, we said:

"Plaintiff, at the hearings both before the commissioner and the commission, insisted that he had been totally incapacitated from labor from the time of the accident. In finding a change of condition as a fact, therefore, the commission necessarily rejected plaintiff's testimony. If plaintiff has been totally incapacitated from the time of the accident, there has been no change of condition entitling him to further compensation.

"However, there is no testimony in the record which supports a finding of fact of total disability on November 10, 1931, except plaintiff's claim of such incapacity from the time of the accident, rejected by the commission."

It appears to us that the only question involved in this cause is whether or not plaintiff has suffered a change in her physical condition which has lessened her earning capacity since the last adjudication by the department. Plaintiff's present claim for compensation is based upon the following evidence taken at the hearing held June 24, 1935, before the deputy commissioner.

Plaintiff testified as follows:

"*Q.* Don't you try to use your right hand at all, Mrs. Pentrack?

"*A.* No.

"*Q.* Why, don't you?

"*A.* Because I can't.

"*Q.* You cannot?

"*A.* Yes, I cannot.

"*Q.* Does it hurt you that much you can't use it?

"*A.* My hand seems still sometimes, and if I try to hold anything, it falls from my hand. * * *

"*Q.* And you are not able to do any work at the present time?

"*A.* No. * * *

"*Q.* Did you have any strength in your hand at the time of the last hearing? Any strength?

"*A.* No, it is worse than it was before."

Dr. Bernath testified as follows:

"*A.* On exhibit 'A' there is apparently—there are apparently, healed fractures of the second and third metacarpal bones at the junction of the middle and distal,—fourth and third, of this bone. In addition, there is an angulation or bowing of the second metacarpal bone. This bone should be just as straight as this is, and there is a curving in the bone which should not normally be present. In addition there is a little area of rarification in the bone in the area where the fracture was, or what appears around the fracture. It is probably a cyst due to the injury to the blood supply. * * *

"*Q.* Has it (the cyst) the appearance or tendency towards disability?

"*A.* Yes, I think so. * * *

"*Q.* Taking into consideration, Doctor, the X-rays of September 1, 1932, and your X-rays of June 22, 1935, would you say that the condition is better or worse?

"*A.* Well, it is hard to answer that directly because of this reason: In the first place, do you mean the fractures better or worse?

"*Q.* Yes.

"*A.* The fractures now still show the line of fracture which occurred at the original time, and in view of that fact it is three years later, two and a half years from the time of this X-ray, these lines should not be present. I would say because of the length of time it might be considered to be worse.

"*Q.* The fracture itself?

"*A.* Yes. Any fracture does. The clinical aspect of the patient's hand."

The department found that plaintiff was totally disabled from following her usual employment. We think there is some competent evidence upon which

such a finding could be made and as we have said upon other occasions, we do not weigh the evidence.

The award is affirmed. Plaintiff may recover costs.

North, C. J., and Fead, Wiest, Butzel, Bushnell, and Toy, JJ., concurred. Potter, J., took no part in this decision.