SMITH *v.* PONTIAC MOTOR CAR CO.

1. WORKMEN'S COMPENSATION—PURPOSE OF ACT.

   The workmen's compensation act substitutes statutory compensation for common-law liability for negligence and the defenses thereto (2 Comp. Laws 1929, § 8407 *et seq.*).

2. SAME—DECREASED EARNING CAPACITY—MEASURE OF COMPENSATION.

   An injured employee is entitled to such compensation for decreased earning capacity due to injuries arising out of and in the course of his employment as fairly represents the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the accident (2 Comp. Laws 1929, § 8427).

3. SAME—TEST OF RIGHT TO COMPENSATION.

   The test of an injured employee's right to compensation is his inability by reason of the accident to work and earn wages in the employment at which he was engaged when injured.

4. SAME—PETITION TO STOP COMPENSATION—PHYSICAL CONDITION—WEEKLY WAGES AT TIME OF INJURY—PRESENT EARNING CAPACITY.

   Upon petition to stop compensation the department of labor and industry must now consider whether there has been a change in the physical condition of the employee and his wage-earning capacity; and if there is no change in the physical condition, the department must consider the average weekly wages at time of injury and wage-earning capacity at time of determination, compensation being limited to the difference between present wage-earning capacity and his actual weekly wages at time of injury; and compensation awarded, when added to wage-earning capacity after the injury, shall not exceed his average wage-earning capacity at the time of such injury (2 Comp. Laws 1929, § 8427 [e]).

5. SAME—EARNING CAPACITY—DETERMINATION.

   In determining earning capacity of an injured employee after an injury upon application to reduce or stop compensation, compensation is not to be measured by mere temporary or makeshift employment at high wages until after order stopping com-

pensation may be obtained, nor by what the employee actually earns in nondescript employment which is not steady, nor gauged by several other considerations, but is to be measured by the injured man's capacity to earn wages in the same or another employment (2 Comp. Laws 1929, § 8427 [e]).

6. SAME—WAGE-EARNING CAPACITY—QUESTION OF FACT.
   Determination of what an employee's wage-earning capacity is after injury is to be made by the department in the exercise of its sound judgment and discretion as a question of fact, which finding is conclusive on all the parties in the absence of fraud (2 Comp. Laws 1929, §§ 8427 [e], 8431).

7. SAME—PETITION TO STOP OR REDUCE—FINDING OF DEPARTMENT.
   Refusal of department of labor and industry to reduce compensation awarded employee, on petition to stop or reduce amount payable for partial disability, *held,* justified under evidence notwithstanding wages at time of injury as common laborer were 42 cents an hour and he was receiving 58 cents an hour for common labor at time of hearing.

Appeal from Department of Labor and Industry. Submitted April 17, 1936. (Docket No. 130, Calendar No. 38,811.) Decided December 8, 1936.

Edd Smith presented his claim against Pontiac Motor Car Company, a division of General Motors corporation, for compensation for accidental injuries sustained in defendant's employ. On petition to stop compensation. Award to plaintiff. Defendant appeals. Affirmed. Rehearing applied for.

*Albert Summer,* for plaintiff.

*J. H. Stevenson* and *E. C. McDonald,* for defendant.

POTTER, J. August 28, 1933, plaintiff was injured while in the employ of defendant. He was awarded and paid compensation for total disability for a limited time, and later for partial disability to Decem-

ber 18, 1934, after which, on February 5, 1935, a petition to stop compensation was filed by appellant. Plaintiff's wages were 42 cents an hour when he was injured. At the time of the hearing on defendant's petition to stop compensation, plaintiff was receiving 58 cents an hour. Both jobs were at common labor. The department of labor and industry declined to issue an order stopping compensation, and defendant brings certiorari.

The workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*) substitutes statutory compensation for common-law liability for negligence and the defenses thereto. It aims to make the employer of labor compensate the laborer for his injuries without regard to negligence; to make the industry in which the employee is injured bear the loss resulting from the personal injuries of employees therein upon the same principle depreciation and obsolescence of equipment are made a charge against industry. The injured employee is entitled to compensation for decreased earning capacity due to injuries arising out of and in the course of his employment. Compensation is supposed to "fairly represent the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the accident." 2 Comp. Laws 1929, § 8427.

"The test of an injured employee's right to compensation is his inability by reason of the accident to work and earn wages in the employment at which he was engaged when injured." *Levanen v. Seneca Copper Corp.*, 227 Mich. 592, 601.

See, also, *Runnels v. Allied Engineers, Inc.*, 270 Mich. 153; *MacDonald v. Great Lakes Steel Corp.*, 274 Mich. 701.

No question is raised but that plaintiff was injured, his capacity to earn wages impaired, and that

his physical condition has not changed since the last award made by the department of labor and industry.

Up until the enactment of Act No. 376, Pub. Acts 1927,* and in many cases since that time, it has been the holding of this court there could be no change in the award made by the department of labor and industry upon a petition to stop compensation where there had been no change in the employee's physical condition. *Beckwith's Estate* v. *Spooner,* 183 Mich. 323 (Ann. Cas. 1916 E, 886); *Pocs* v. *Buick Motor Co.,* 207 Mich. 591; *Diebel* v. *Spitzley & Widenman Construction Co.,* 207 Mich. 618; *Jones* v. *St. Joseph Iron Works,* 212 Mich. 174; *Burley* v. *Central Paper Co.,* 221 Mich. 595; *Anderson* v. *Ford Motor Co.,* 232 Mich. 500; *Miller* v. *Keene,* 232 Mich. 596.

When an award has been made upon an application to review payments to stop or reduce compensation to the injured employee stopping or reducing the same, upon a subsequent application for reinstatement of compensation or for an increase in the award, it has been uniformly held the employee is not entitled to an award except upon showing a change for the worse in his physical condition. *Adams* v. *C. O. Barton Co.,* 274 Mich. 175; *Dyer* v. *McQuistion,* 273 Mich. 327; *Roe* v. *Daily Record,* 273 Mich. 5; *Martin* v. *Kalamazoo Vegetable Parchment Co.,* 271 Mich. 514; *Runnels* v. *Allied Engineers, Inc., supra; McKay* v. *Jackson & Tindle, Inc.,* 268 Mich. 452; *Ammond* v. *Muskegon Motor Specialties Co.,* 265 Mich. 211; *Kilgour* v. *Remington-Rand, Inc.,* 252 Mich. 657; *Peet* v. *City Bakery Co.,* 238 Mich. 431; *Klum* v. *Lutes-Sinclair Co.,* 236 Mich. 100; *Burley* v. *Central Paper Co., supra; Beckwith's Estate* v. *Spooner, supra.* These decisions are logical and consistent. But the legislature, by Act No. 376, Pub.

---

* See 2 Comp. Laws 1929, §§ 8421, 8422, 8427.—REPORTER.

Acts 1927, amended the workmen's compensation statute by adding a proviso to part 2, § 11 of the act, which now stands as a part of 2 Comp. Laws 1929, § 8427 (e), as follows:

"Provided, The compensation payable, when added to his wage-earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury."

Upon a petition to review payments to stop compensation under this act, there is, in view of this proviso of the statute, to be taken into consideration by the department of labor and industry not only the question, which was determinative before its enactment, whether there has been any change in the physical condition of the employee, but also the added question which is not necessarily dependent upon the employee's physical condition, *viz:* the employee's wage-earning capacity; so that upon the petition of the employer to stop compensation when there has been no change in the physical condition of the employee since the award, the department of labor and industry must consider the average weekly wages of the employee at the time of his injury and his wage-earning capacity at the time of the determination by the department. And when these are ascertained, the compensation of the employee shall be fixed at an amount which is limited by the difference between his present wage-earning capacity and his actual weekly wages at the time of the injury, and the compensation awarded upon the application to stop or reduce compensation, when added to his wage-earning capacity after the injury, shall not exceed his average wage-earning capacity at the time of such injury.

The earning capacity of the injured employee after such injury and upon an application to reduce or stop compensation is not to be measured by mere temporary or makeshift employment at high wages until after an order stopping compensation may be obtained, nor is it to be measured by what the employee actually earns in nondescript employment which is not steady,—but it is to be measured by the injured employee's capacity to earn wages in the same or another employment. *Trask* v. *Modern Pattern & Machine Co.*, 222 Mich. 692; *MacDonald* v. *Great Lakes Steel Corp.*, 268 Mich. 591; *Hood* v. *Wyandotte Oil & Fat Co.*, 272 Mich. 190.

If the department of labor and industry stopped plaintiff's compensation because he was earning temporarily more than he was earning at the time of his injury and plaintiff was discharged after such award and unable to secure employment, or if he secured employment but was able to secure it only at reduced wages, he would, unless this proviso of the statute protects him, be immediately met with the claim there was no change in his physical condition since the order of the department of labor and industry stopping his compensation was made and consequently he could not be reinstated in his right to compensation.

The factors to be considered by the department of labor and industry upon this application were fixed, except there was open for the determination of the department of labor and industry the question of what is the present earning capacity of the employee,—that is, his earning capacity after his injury. This present earning capacity of the injured employee is not necessarily to be determined by what he may be paid by his employer during the time a petition to stop compensation is contemplated

or pending, nor by what he may be paid for made work, or out of sympathy for his family, or as a reward for long and faithful service to his employer, or because of a temporary demand on the part of the employer for labor, or by pay for odd jobs which the injured employee may be able to pick up, but it is to be determined as a question of fact by the department of labor and industry in the exercise of its sound judgment and discretion based upon all the facts in the case. This finding of fact upon the part of the department of labor and industry is conclusive on all the parties in the absence of fraud. 2 Comp. Laws 1929, § 8451.

In this case, the department of labor and industry refused to reduce the plaintiff's compensation. There was testimony to sustain its award, which is affirmed, with costs.

Fead, Butzel, Sharpe and Toy, JJ., concurred with Potter, J. North, C. J., and Wiest and Bushnell, JJ., concurred in the result.