VAN ATTA *v.* HENRY.

1. WORKMEN'S COMPENSATION—RIGHT TO COMPENSATION—EARNING CAPACITY—TOTAL DISABILITY.

Since the test of an injured employee's right to compensation is his inability by reason of the accident to work and earn wages in the employment at which he was engaged when injured, if he was totally incapacitated when he filed his first petition, his condition in that respect could not change for the worse.

2. SAME—APPROVAL OF SETTLEMENT RECEIPT—TOTAL DISABILITY.

The approval of a settlement receipt for payment for total disability is not an adjudication that the employee was on that day totally incapacitated from labor.

3. SAME—TOTAL DISABILITY—FINAL ADJUDICATION.

The approval of a settlement agreement awarding compensation for total disability for first 10-week period following injury is not a final adjudication of employee's right to compensation for total disability.

4. SAME—TEMPORARY TOTAL DISABILITY—SETTLEMENT RECEIPT.

Under showing that meat cutter believed his injury was not serious and assumption on his part he would be able to resume work shortly, the department of labor and industry *held*, justified in approving settlement receipt for 10-week period of total disability immediately following accident.

5. SAME—TEMPORARY TOTAL DISABILITY—FURTHER COMPENSATION.

On petition for further compensation, record *held*, to contain a sufficient showing of change of condition for the worse to justify award for total disability commencing over two years and three months after termination of 10-week period immediately following accident for which department had approved a settlement receipt for total disability.

6. SAME—TEMPORARY TOTAL DISABILITY—FURTHER COMPENSATION.

Award for total disability, made on petition for further compensation, *held*, justified under record showing that after termina-

tion of 10-week period immediately following accident for which department had approved settlement receipt for total disability, plaintiff's sacroiliac arthritic condition had grown worse and resulted in his present condition of total disability to carry on any gainful employment, commencing over two years and three months following such 10-week period.

Appeal from Department of Labor and Industry. Submitted October 4, 1938. (Docket No. 22, Calendar No. 40,171.) Decided November 10, 1938.

Clayton E. Van Atta presented his claim for compensation against Harold A. Henry, employer, and London Guarantee & Accident Company, insurer, for personal injuries sustained in defendant's employ. On petition for further compensation. Award to plaintiff. Defendants appeal. Affirmed.

*Ernest J. Rogers* and *Thomas E. Shroyer,* for plaintiff.

*Alexander, McCaslin & Cholette* and *G. F. Classon,* for defendants.

NORTH, J. Defendant Harold A. Henry operated a grocery store and meat market in the city of Jackson, Michigan. Plaintiff Clayton E. Van Atta was a meat cutter by trade and was employed by defendant to manage and operate the meat market, receiving a salary of $40 per week. On June 8, 1931, while engaged in his employment in defendant's market plaintiff suffered an injury. He gives the following testimony as to the occurrence:

"Had a quarter of beef on the block in the market, had cut off a piece and took the rest of it into the ice box—they kept sawdust on the floor—and hung a quarter of beef on a hook or the remainder of the

quarter, you might say. As I started to leave the ice box, out of the corner of my eye I saw this beef slipping; that is falling from the hook. I turned to catch it, and I did catch it, before it got to the floor, struck the floor, and at that time a pain shot through my back just as though it had shot a knife or something in there."

Plaintiff continued to work the rest of the day; the next day he remained at home; and the following day he attempted to work but because of the pain he was suffering he was compelled to return home. Plaintiff had an examination made of his back, X-rays were taken and his condition was diagnosed as back strain. He was treated for his injury during the summer of 1931, and on August 18th, his condition apparently being much improved, a settlement agreement was entered into between Van Atta and the defendant insurance company for $180, covering a period of 10 weeks' disability from June 9th to August 18th. This settlement was approved by the department on August 26th. Plaintiff describes his condition at this time as follows:

"I was considerably better than I was in June and felt that I was soon going to be able to go back to work again. I had done some work around the house about that time. We had a porch built on, I had screened the porch, painted it, and, with the help of another man, we had built a rock garden."

In October, 1931, plaintiff was sent by his family physician, Dr. Stewart, to a clinic in Ann Arbor. In January, 1932, thinking that the warmer climate and sunshine might hasten his recovery, he went to Florida and remained there for three months. The following September he went to work for the Mutual Life Insurance Company of New York, selling insurance. He continued in this employment until Decem-

ber 15, 1933. Concerning his efforts to carry on with this work, plaintiff testified:

"I started to work for them, began walking and agitating the back and it gradually became worse, got to a place at times when I would have to call for somebody to take me home in the car and there were days when I could do very little. Some days I would make two or three calls in the morning and go home and have to stay on the davenport the rest of the afternoon, be unable to return to work, and I had one of those days on December 14, 1933, and our manager from Grand Rapids was here and he requested that I go to a doctor and be examined which I did on December 15, 1933, and the doctor sent me home."

For the 15-month period during which plaintiff sold insurance his earnings were approximately $197. Since December of 1933 plaintiff has been unable to engage in any gainful employment.

On November 15, 1937, plaintiff filed a petition for further compensation, claiming that he has grown progressively worse since the accidental injury which he suffered in June, 1931, and that he is now and has been totally incapacitated since September, 1933. A hearing was had before a deputy commissioner and compensation denied "for the reason that plaintiff is not suffering a disability resulting from the accident of June 8, 1931." Evidently the deputy found, as defendants claim, that plaintiff's incapacity was due to rheumatism, not to the accidental injury. On appeal to the department, the award was reversed and one entered granting plaintiff compensation of $18 per week commencing December 15, 1933. From this award appellants appeal to this court.

It is the contention of appellants that the settlement agreement entered into on August 18, 1931, is

a final and binding determination of the rights of plaintiff, in the absence of a change of condition for the worse; and that the test as to whether there has been a change of condition is the ability of the employee to engage in the same employment that he was at the time of the injury.

"The test of an injured employee's right to compensation is his inability by reason of the accident to work and earn wages in the employment at which he was engaged when injured. If he was totally incapacitated when he filed his first petition, his condition in that respect could not change for the worse." *Levanen* v. *Seneca Copper Corp.*, 227 Mich. 592.

See, also, *McKay* v. *Jackson & Tindle, Inc.*, 268 Mich. 452; *Runnels* v. *Allied Engineers, Inc.*, 270 Mich. 153; *Catina* v. *Hudson Motor Car Co.*, 272 Mich. 377. Appellants claim that at the time of entering into the settlement agreement plaintiff was totally incapacitated from working and earning wages in his employment as a meat cutter, that he is still so incapacitated, that therefore there has been no change for the worse, and the award of the department in his favor should be vacated.

In *Gustafson* v. *Manning, Maxwell & Moore, Inc.*, 275 Mich. 146, in a concurring opinion which was signed by six other members of the court, Justice FEAD said:

"I do not agree that the approval of the settlement receipt was an adjudication that plaintiff on that day was totally incapacitated from labor. To give such effect to the approval would mean that the department approved stopping of compensation in the face of its own finding of plaintiff's total disability, which finding, under the law, would have required continuance of his compensation and disapproval of the receipt."

We are not in accord with appellants' contention that the settlement agreement awarding compensation in the amount of $180 for a 10-week period can be held to be a final adjudication of plaintiff's right to compensation for total disability. At the time this agreement was entered into plaintiff says he was considerably better than he was in June and felt that he would soon be able to go back to work again. Around the middle of June when interviewed by Mr. Classon on behalf of defendant insurance company plaintiff said: "Dr. Wilson tells me I have a dislocated vertebra and that I should be able to return to work in two or three weeks." Defendants' witness Dr. Don F. Kudner treated plaintiff from July 7 to August 19, 1931, and as to his condition on the latter date testified that he was improved and able to resume his work as a meat cutter. It is thus apparent that plaintiff believed his injury was not serious and assumed he would be able to resume work shortly. On this showing the department was justified in approving the agreement. However the assumption that plaintiff had recovered or would recover shortly from his injury proved erroneous, and on this record there is a sufficient showing of change of condition for the worse to justify an award for further compensation.

Dr. M. M. Stewart, the plaintiff's family physician, testified in his behalf. He examined plaintiff in August, 1931, diagnosed his condition as sacroiliac arthritis, and has treated him off and on ever since, sometimes once a week and sometimes once a month. He testified that Van Atta was very strong prior to 1931, and that since August of 1931 his condition has been growing progressively worse. The doctor also testified that in his opinion plaintiff's present disability is a result of the accident of June 8, 1931.

Other doctors who examined plaintiff just prior to the hearing, also testified that from the history and their examinations it was their opinion that plaintiff's condition is a result of that accident. The foregoing testimony bears directly upon the difference between the conclusion reached by the deputy and that reached by the department on review. The deputy held that plaintiff's disability was not due to the accident, but on review the department held that it was. We think there is ample testimony in this record to support the finding of the department that plaintiff's present disability arose from the accident of June 8, 1931; that there has been a progressive development of such disability; and that the plaintiff has been totally disabled since December 15, 1933. The award will be affirmed, with costs to appellee.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.