GULEC *v.* CHRYSLER CORPORATION.

Workmen's Compensation—Further Compensation—Change of Condition—Earning Capacity.

Injured employee who eventually returned to lighter work at higher wages, whose compensation was stopped after a hearing and no appeal taken, whose petition for further compensation was denied and leave to appeal therefrom also denied and who failed to show any such change thereafter occurring which lessened his earning capacity was not entitled to compensation for total disability on second petition for further compensation, filed after employee had been laid off.

Appeal from Department of Labor and Industry. Submitted October 13, 1939. (Docket No. 50, Calendar No. 40,654.) Decided February 14, 1940. Rehearing denied April 1, 1940, granted June 18, 1940. See *post,* 711.

John Gulec presented his claim for compensation against Chrysler Corporation, employer, for injuries sustained while in defendant's employ. On petition for further compensation. Plaintiff reviews denial of award by appeal in the nature of certiorari. Affirmed. Reversed and remanded on rehearing, see *post*, 711.

*I. W. Ruskin*, for plaintiff.

*Kerr, Lacey & Scroggie*, for defendant.

WIEST, J. Plaintiff, in the employ of defendant, on July 20, 1933, sustained an accidental injury and October 3, 1933, was awarded compensation. February 9, 1935, plaintiff returned to light work at higher wages, refused to sign a settlement receipt, and defendant on March 25, 1935, filed a petition to stop compensation and upon hearing before a deputy commissioner it was stopped. No appeal was taken. Plaintiff worked until November 21, 1935, when he was laid off. December 27, 1935, plaintiff filed a petition for further compensation and on January 25, 1936, a deputy commissioner awarded him $3.27 per week for partial disability commencing November 22, 1935, but on appeal by defendant the department on May 19, 1936, reversed the award and denied compensation. Thereupon plaintiff petitioned this court for leave to appeal, and on September 2, 1936, leave to appeal was denied. May 23, 1938, plaintiff again filed a petition for further compensation; was awarded $18 per week by a deputy commissioner for total disability, commencing June 15, 1936. Upon review the department on March 7, 1939, reversed the holding and denied compensation, stating in an opinion:

"There is some indication that plaintiff's physical condition is worse, but in our opinion there is no in-

dication that such change has adversely affected his earning capacity. We have read and compared the testimony given at said prior hearing with that here presented and can observe no appreciable difference in plaintiff's case insofar as earning capacity is concerned.

"The plaintiff not having shown any such change in his physical condition as has lessened his earning capacity, his petition for further compensation must be denied."

This case does not come within the so-called rehabilitation principle.

After plaintiff quit work in November, 1935, he applied for further compensation and it was denied, and leave to appeal was denied by this court, thereby leaving the award unappealed and binding upon the parties and bringing the subsequent application and holding of the department thereon squarely within the following rule applied in *Catina* v. *Hudson Motor Car Co.*, 272 Mich. 377, where we said:

"We are, however, concerned with the question of whether there has been such a change in plaintiff's disability as to entitle him to further compensation. If plaintiff was totally disabled from working at the time of the lump settlement in June, 1927, then he cannot show such change in condition as to entitle him to further compensation, notwithstanding the fact that he may now be suffering more physical pain and infirmity than before."

After citing *McKay* v. *Jackson & Tindle, Inc.*, 268 Mich. 452; *Levanen* v. *Seneca Copper Corp.*, 227 Mich. 592, and referring to *Runnels* v. *Allied Engineers, Inc.*, 270 Mich. 153, we further said:

"The burden of proof is therefore on plaintiff to show a change in his condition subsequent to the lump sum settlement in June, 1927, in regard to his

ability to work and earn wages in the employment at which he was engaged when injured.''

In the case at bar the department stopped compensation and this was equivalent to an approved final settlement receipt; and, therefore, there could be no further compensation without a showing of a change in condition affecting earning capacity.

The award of the department is affirmed, with costs to defendant. *

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.