REAVES *v.* ACME FOUNDRY COMPANY.

OPINION OF THE COURT.

1. WORKMEN'S COMPENSATION—APPEAL BOARD—FINDINGS OF FACT.
   Finding by workmen's compensation appeal board that an employee was able to return to work following his injury and was able to work with only minor restrictions, but that the pain was sufficiently severe to cause him to retire before he otherwise would have, *held*, to be an administrative finding that the injury in question caused a reduction in the employee's wage earning capacity as required by statute (CL 1948, § 412.11).

2. SAME—APPEAL BOARD FINDINGS—EVIDENCE—WEIGHT—REVIEW.
   The Court of Appeals may not reweigh evidence that was before the workmen's compensation appeal board and must affirm the board's opinion if the record contains any competent evidence to support the board's finding (CL 1948, § 413.12).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 530.
[2, 3] 58 Am Jur, Workmen's Compensation § 532.
[4, 5] 58 Am Jur, Workmen's Compensation § 308 *et seq.*

3. SAME—APPEAL BOARD FINDINGS—EVIDENCE—SUFFICIENCY.

Testimony of plaintiff employee can, without other evidence, constitute sufficient evidentiary support for a finding by the workmen's compensation appeal board that plaintiff's injury resulted in a disability.

DISSENTING OPINION.

J. H. GILLIS, P. J.

4. WORKMEN'S COMPENSATION—AMOUNT—EARNING CAPACITY—LOSS IN EARNING CAPACITY.

The earning capacity established by an employee, prima facie, continues after discharge or termination of employment.

5. SAME—AMOUNT—EARNING CAPACITY IMPAIRMENT.

Plaintiff's claim for workmen's compensation should be dismissed where there is no evidence that plaintiff earned less after his injury than before it and there is likewise no evidence that he lacked this wage earning capacity when he retired voluntarily because impairment of earning capacity is necessary before there can be compensation (CL 1948, §§ 412.10, 412.11).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 April 4, 1968, at Detroit. (Docket No. 3,151.) Decided September 26, 1968. Leave to appeal denied February 10, 1969. See 381 Mich 800.

Application by Joe Reaves for hearing and adjustment of a claim for workmen's compensation from his employer, the Acme Foundry Company. Application granted and additional compensation awarded. Defendant appeals. Affirmed.

*Goodman, Eden, Robb, Millender, Goodman & Bedrosian,* for plaintiff.

*Lacey & Jones,* for defendant.

McGREGOR, J. Plaintiff-appellee, while employed by the defendant as a molder, suffered a shoulder

sprain on December 6, 1957, for which he received six weeks' compensation plus regular physiotherapy. Plaintiff returned to his job and was able to perform it for seven years, except for certain seldom required "close-up" work. Before the workmen's compensation hearing referee, plaintiff testified that he had pain in his left shoulder when he used a sledge hammer, as required once a day.

At the time of his original return to work, plaintiff could raise his left arm 60 degrees. Although in the seven succeeding years, plaintiff's ability to raise his arm slightly improved, his shoulder continued to worsen and the pain increased, accelerating his retirement. Plaintiff applied for and received voluntary retirement on April 1, 1964, according to defendant employer's retirement program.

On April 10, 1964, plaintiff applied for disability benefits accruing because of the original accident of December 6, 1957, and for a personal work injury, allegedly occurring April 1, 1964. The workmen's compensation hearing referee awarded benefits to plaintiff for the original injury, less credit for all compensation paid, and specifically found that "plaintiff did not suffer any additional injury as of April 1, 1964, as claimed." The workmen's compensation appeal board made findings of facts and law, affirming the hearing referee and relying on defendant's doctor's testimony.

Defendant contends that the appeal board did not make an administrative finding that the industrial injury caused a loss to the wage-earning capacity of plaintiff after the injury, as statutorily required.*

The appeal board's opinion reads, in part:

"while plaintiff did his work with only minor restriction after the injury, his testimony was that the pain did begin to bother him more and accel-

---

* CL 1948, § 412.11 (Stat Ann 1960 Rev § 17.161).

erated his retirement. We can believe seven years of pain, as plaintiff aged, could lead to such a decision, which is supported by his immediate filing for benefits following retirement. It is our further opinion, therefore, that the referee was also correct to find further disability as of the retirement date and award benefits. In so saying this, we do note plaintiff was able to work seven years without significant restriction, but long endured pain and an attempt to avoid same by the rest envisioned by retirement is a clearly supportable basis to find renewed disability from the original injury. We affirm the decision of the referee."

It is clear that the appeal board did rule on this issue, and consequently, there is no merit to defendant's first contention.

The other question presented by this appeal is whether the finding of disability by the workmen's compensation appeal board is supported by any evidence. It is not disputed that the plaintiff's impaired physical condition in 1964 was a result of his injury of December 6, 1957. The dispute is whether or not the admitted impaired physical condition of the plaintiff constituted disability under the workmen's compensation act. The appeal board found that it did. This Court may not reweigh the evidence before the appeal board and must affirm the board's opinion if the record contains any competent evidence to support the finding upon which the opinion is based. CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186); *Carter* v. *General Motors* (1960), 361 Mich 577. From a careful reading of the record and the admitted facts, it is clear that the board's finding has ample evidentiary support.

The weighing scale is not in our hands and, even if we think it out of balance, we cannot re-weigh. *Hood* v. *Wyandotte Oil and Fat Company* (1935),

272 Mich 190, quoted with approval in *Pulley* v. *Detroit Engineering & Machine Co.* (1966), 378 Mich 418, 424.

There was no cross appeal for plaintiff as to the denial of his claim for benefits from his alleged injury of April 1, 1964. We do not consider this matter *de novo*.

Even if this Court should disagree with those findings it may not reverse the appeal board unless it concludes that those findings have no evidentiary support. The testimony of the plaintiff without more constitutes such evidentiary support.

On the record before this Court, the appeal board must be and is affirmed. Costs to appellee.

FITZGERALD, J., concurred with McGREGOR, J.

J. H. GILLIS, P. J. (*dissenting*). I cannot subscribe to the majority opinion notwithstanding the fact that I recognize that we may not reverse the appeal board unless we conclude that its findings had no evidentiary support.

The plaintiff established a wage earning capacity after the original injury in 1957 up to his retirement in 1964. See *Markey* v. *SS. Peter & Paul's Parish* (1937), 281 Mich 292. This wage earning capacity, *prima facie*, continues after the discharge or termination of employment. *MacDonald* v. *Great Lakes Steel Corp.* (1936), 274 Mich 701. The appeal board found that plaintiff exhibited less restriction when he retired in 1964 than immediately after the original injury.

Subsequent to his retirement in 1964, plaintiff sustained a bad fall down his stairs which resulted in fractures of the skull, facial bones, nose, ribs and a compression fracture of the 5th cervical vertebra. Plaintiff's doctor conducted his examination only

after his patient had suffered the aforementioned injury. Logically, therefore, the appeal board placed more reliance on the defendant's doctor's testimony, whose examination was conducted prior to these subsequent injuries.

Examining the record as a whole we find that plaintiff's restrictions decreased after the injury. There is no testimony in this record to support a finding that the defendant was compelled to retire because of the pain, although plaintiff testified as follows in response to the question, "Why did you stop working on April 1, 1964?":*

"*A.* Well, I was—the arm was getting worse and I figured if I could come out I might as well come out. I was going on 68, but it kept getting worse all the time and I wouldn't have made it anyway, because it got to the place now that I can hardly use it at all."

In analyzing this statement it is, of course, important to keep in mind that the plaintiff testified after he had sustained considerable injuries in a fall down the stairway. I find nothing in the record from which the appeal board could conclude that the plaintiff no longer had a wage earning capacity at the time of his retirement. Further, the record is devoid of any finding by the appeal board that the plaintiff no longer had a wage earning capacity.

I would reverse the appeal board and order the plaintiff's claim dismissed.

---

* Plaintiff applied for retirement without mentioning any disability. Some 10 days after retirement he sought compensation.