### HOOD v. WYANDOTTE OIL & FAT CO.

1. WORKMEN'S COMPENSATION—EARNING CAPACITY—OPPORTUNITY. Workmen's compensation act, in providing that compensation payable, when added to employee's wage-earning capacity after injury in the same or other employment, shall not exceed his average weekly earnings at the time of such injury does not thereby limit such wage-earning capacity to wages actually earned after injury, since to do so would encourage malingering and compensation is not a pension, nor is it limited to earning capacity if employee is unable to obtain employment because of the injury (2 Comp. Laws 1929, § 8427[e]).

2. SAME—SUPREME COURT DOES NOT WEIGH EVIDENCE. On appeal from workmen's compensation case, the Supreme Court does not weigh the evidence.

3. Same—Earning Capacity—Laborer.

Department of labor and industry's order denying petition to stop or reduce compensation to employee injured while doing manual labor *held*, proper, where there is evidence that he has no wage-earning capacity by reason of his injuries and is unable to obtain employment in his handicapped condition (2 Comp. Laws 1929, § 8427[e]).

Appeal from Department of Labor and Industry. Submitted April 4, 1935. (Docket No. 70, Calendar No. 38,311.) Decided June 3, 1935.

Charles Hood presented his claim against Wyandotte Oil & Fat Company, employer, and Indemnity Insurance Company, insurer, for compensation for an accidental injury while in defendants' employ. On petition to stop or reduce compensation. From award made, defendants appeal. Affirmed.

*Woodruff, BeGole & McInerney* (*Frank W. Atkinson,* of counsel), for plaintiff.

*Bishop & Weaver,* for defendants.

Wiest, J.   March 31, 1933, while pulling a two-wheel truck, with a 200-pound load, up a greasy and smooth gang plank to a freight car, plaintiff slipped, immediately experienced sharp pain in his left groin, followed by pain in the spinal area and lumbar region, indicating injury to such parts. September 26, 1933, he was awarded compensation at the rate of $13.92 per week, during total disability. In June, 1934, defendants petitioned to have the compensation stopped or reduced. Upon hearing and review the petition was denied, plaintiff was adjudged totally disabled, and this review, by appeal in the nature of certiorari, was taken by defendants.

Defendants do not ask that compensation to plaintiff be entirely stopped, but that it be reduced or

adjusted to accord with his wage-earning capacity in some other employment.

At the time of injury plaintiff was a laborer but at a previous time had worked as a barber. He is admittedly wholly incapacitated from performing manual labor but, it is claimed, that if favored, he can work as a barber, at least part of the time, and the exercise would be beneficial.

He has no such job, and plaintiff testified to his efforts to obtain employment as a barber and of refusals because of his physical condition caused by the accident.

The statute, by amendment in 1927, now provides, 2 Comp. Laws 1929, § 8427 (e):

"The compensation payable, when added to his wage-earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury."

See *MacDonald* v. *Great Lakes Steel Corp.,* 268 Mich. 591.

What is meant by the term "wage-earning capacity after the injury?" It is not limited to wages actually earned after injury, for such a holding would encourage malingering and compensation is not a pension. On the other hand mere capacity to earn wages, if "nondescript" by reason of injury, affords no measure unless accompanied by opportunity to obtain suitable employment. Opportunity is circumscribed by capacity of the injured and openings to such a wage earner. In the instance at bar plaintiff's present wage-earning capacity, if he has any, appears to be limited to problematical employment as a barber under conditions suitable to, and favoring his physical condition and, therefore, in an existing labor market with an opening for such a handicapped employee.

An injured person may recover to the point where he can, if favored, perform special service, if such is obtainable, but, if none can be obtained because of his injury, his capacity to work and earn cannot be measured against his incapacity. If his injury isolates him from employment then, of course, he is not to be held to have capacity to work and earn wages. If his injury has reduced his capacity to work and relegated him to the rating of ''odd lot'' or ''nondescript'' workers for whom labor openings are extremely limited, then opportunity, within his capacity, should be made to appear.

In the *Matter of Jordan* v. *Decorative Co.,* 230 N. Y. 522, 525 (130 N. E. 634), it was well said:

''Compensation, if due at all, is to be measured by a prescribed percentage of 'the difference between his average weekly wages and his wage earning capacity thereafter in the same employment or otherwise' (Workmen's Compensation Law, § 15, subds. 3 and 4).   *   *   *

''The claimant's search for work was fruitless. The inference is permissible that it was his own physical defects which made the quest a vain one. Failure to find work is, indeed, no ground for compensation if the failure has its origin in general business conditions, the slackness of the demand for labor (*Cardiff Corp.* v. *Hall* [1911], 1 K. B. 1009, 1018 [104 L. T. 467, 27 T. L. R. 339]; *Durney's Case,* 222 Mass. 461 [111 N. E. 166]). Failure to find work stands upon a different basis when the labor is unmarketable because of the condition of the laborer (*Cardiff Corp.* v. *Hall, supra,* pp. 1018, 1020; *Clark* v. *Gas Light & Coke Co.,* 7 W. C. C. 119 [21 T. L. R. 184]; *Sullivan's Case,* 218 Mass. 141 [105 N. E. 463, L. R. A. 1916A, 378]). There is some basis for a finding that this was the claimant's plight. He was an unskilled or common laborer. He coupled his request for employment with notice that the labor

must be light. The applicant imposing such conditions is quickly put aside for more versatile competitors. Business has little patience with the suitor for ease and favor. He is the 'odd lot' man (*Cardiff Corp.* v. *Hall, supra,* 1021; *James* v. *Mordey, Carney & Co.* [1913], 109 L. T. 377), the 'nondescript in the labor market' (*Cardiff Corp.* v. *Hall, supra,* 1024). Work, if he gets it, is likely to be casual and intermittent.''

The department found total disability. We do not weigh the evidence. The weighing scale is in other hands and, even if we think it out of balance, we cannot re-weigh. There was evidence that plaintiff has no wage-earning capacity by reason of his injuries and inability to obtain employment in his handicapped condition.

We are constrained to affirm the award, with costs to plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, and BUSHNELL, JJ., concurred with WIEST, J. EDWARD M. SHARPE, J., concurred in the result.