## KALONSKY *v.* GOEBEL BREWING CO.

1. WORKMEN'S COMPENSATION—STOPPING COMPENSATION—CHANGE OF CONDITION—SETTLEMENT AGREEMENT.

Agreement stopping compensation for injury to thumb, which provided that in the event future disability developed or if plaintiff was unable to continue at work because of his injuries compensation would again be paid without the necessity of plaintiff showing a change in his physical condition, *held*, binding on employer who executed it.

2. SAME—THUMB INJURY—WAGE-EARNING ABILITY—PASTEURIZER—BURDEN OF PROOF.

Employee whose thumb was so injured as to prevent him from completely flexing it but which did not impair his wage-earning ability *held*, not to be entitled to an award of additional compensation after being laid off because of union regulation rather than inability to perform his work as operator of pasteurizing machine at a brewery since he has not sustained his burden of showing that disability lessened his earning capacity.

Appeal from Department of Labor and Industry. Submitted September 24, 1937. (Docket No. 142, Calendar No. 39,639.) Decided December 29, 1937.

Christ Kalonsky presented his claim against Goebel Brewing Company for compensation for personal injuries sustained while in defendant's employ. On petition for further compensation. Award to plaintiff. Defendant appeals. Reversed.

*A. C. Lappin,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

CHANDLER, J.  Plaintiff was employed by defendant in the operation of a pasteurizing machine, his duties consisting of replacing bottles in an upright position on a conveyor after having fallen therefrom in the process of pasteurization. He was injured on July 7, 1936, by an exploding bottle which severed a tendon in the left thumb. He received compensation until August 29, 1936, when payments were terminated by agreement approved by the department of labor and industry. He then returned to work and was employed until October 3, 1936, when his employment was terminated due to regulations of the Beer Bottlers Union, local 181, a union organization of which plaintiff was a member. On October 22, 1936, he filed a petition for further compensation and following due hearing the department granted compensation in the amount of $3.92 per week from October 3, 1936, until the further order of the department. Defendant seeks review of this award by an appeal in the nature of certiorari.

The agreement stopping compensation contained, among others, the following provision:

"It is further agreed that if future disability from such injuries shall hereafter develop or if the employee is unable to continue at his work because of disability due to this accident, compensation in the proper amount shall again be paid to the employee without it being necessary to show a change for the worse in his condition which has lessened his earning capacity."

Defendant urges that before plaintiff is entitled to have compensation payments resumed he must show that he has suffered a change of physical condition that has lessened his earning capacity since the time compensation was stopped by virtue of the approved agreement executed for this purpose. Several authorities are cited in support of this position. The instant case differs, however, from those relied upon by defendant in that the agreement stopping compensation at the time plaintiff returned to work specifically provided, as heretofore quoted, that in the event future disability developed or if plaintiff was unable to continue at work because of his injuries compensation would again be paid without the necessity of plaintiff showing a change in his physical condition. Defendant chose to execute the agreement with knowledge of the provision in question. It thereby became bound by the terms thereof and cannot now repudiate that portion which is advantageous to plaintiff and which undoubtedly was at least a part of the inducement for his agreement to the termination of the payments.

Admittedly plaintiff suffers some disability in that he is unable to flex completely the injured thumb but there was no showing that the disability had in any way lessened his earning capacity. When he returned to work his duties consisted of carrying cases of beer from a conveyor and piling them in piles ten cases high which was work of a much

heavier nature than that with which he was occupied at the time of the accident. He received the same rate of pay and continued to perform the heavier work until his employment was terminated. He was laid off due to regulations of the union to which he belonged and not because of inability to perform his work. The record is devoid of a showing that during this period his injury would have prevented him from performing his old job at the pasteurizer. To entitle him to a resumption of payments the burden was upon him to prove that because of the accident he was suffering a disability that lessened his earning capacity. Proof of a physical condition which in no sense impairs the employee's wage-earning ability is not sufficient.

Award vacated, with costs to defendant.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.