## MACOMBER *v.* OLDS MOTOR WORKS.

1. WORKMEN'S COMPENSATION—SUPREME COURT BOUND BY DEPARTMENT'S FINDING OF FACT.

   The Supreme Court on appeal in nature of certiorari to department of labor and industry does not weigh the evidence, but is bound by the finding of the department if there is any competent evidence to support the finding (2 Comp. Laws 1929, § 8451).

2. SAME—FINDING OF DEPARTMENT—EVIDENCE—PROXIMATE CAUSE—BLOOD BLISTER—LESION OF NECK LIGAMENTS.

   Finding of causal relationship between blood blister received when plaintiff struck his thumb while repairing a belt and disability from fainting spells resulting from a post-traumatic lesion of the ligaments of the neck *held*, supported by competent evidence where record shows plaintiff fainted in defendant employer's first aid room while receiving treatment for the blister and fell to the floor, kept clawing at his head and fighting, physician who administered such first aid treatment was not a witness, and another physician testified the lesion could have resulted from a jerk, and plaintiff had not hitherto had fainting spells.

Appeal from Department of Labor and Industry. Submitted October 19, 1939. (Docket No. 149, Calendar No. 40,820.) Decided December 19, 1939.

Theodore O. Macomber presented his claim against Olds Motor Works (Division of General Motors Corporation), employer, for compensation for injuries sustained in defendant's employ. Award to plaintiff. Defendant appeals. Affirmed.

*Foster & Cameron,* for plaintiff.

*J. G. Stevenson, E. C. McDonald* and *Justin L. Schaffer,* for defendant.

CHANDLER, J. This is an appeal by defendant in the nature of certiorari from an award of the department of labor and industry granting plaintiff compensation from December 2, 1937, until the further order of the department. The sole question presented is whether or not the record contains any competent evidence to support the finding of fact made by the department that there is a causal relationship between plaintiff's disability and an accidental injury sustained by him on December 1, 1937, while in defendant's employ.

On the date last mentioned, plaintiff struck his thumb while adjusting a belt on a machine. He continued to perform his duties from the time the accident occurred until 11:30 p. m. A blood blister resulted from the injury and plaintiff went to the first aid department to have the wound dressed. Defendant's first aid attendant proceeded to open the blister while plaintiff was in a standing position. He fainted and remembers nothing further that transpired until he regained consciousness and found himself lying on a table in the first aid room.

Thereafter, he became subject to frequent fainting spells, which, despite examination by several physicians, continued until some time in March, 1938, when his neck was immobilized by means of a Forrester collar, recommended by physicians following examination at the University of Michigan Hospital. Dr. List, associated with the hospital, testified that the fainting spells, subsequent to the accident, were caused by a post-traumatic lesion of the neck, and that plaintiff, at the time of the hearing, was disabled.

Appellant apparently concedes the disability and that plaintiff fainted and fell while receiving first aid following the injury; and that the fainting at that time was induced by the injury and treatment being received therefor. The diagnosis of Dr. List as to the physical condition responsible for the disability is not disputed. It is claimed, however, that the record contains no evidence to sustain a finding of a causal relationship between the injury and the post-traumatic lesion of the neck. Simply stated, in view of the facts undisputed, the claim is that nothing happened when plaintiff fainted while receiving treatment that caused the lesion of the neck.

Lloyd Bonn, an employee in defendant's first aid department, testified that he was present when plaintiff received the treatment; that he was standing behind Dr. Hinton, who administered the treatment, and that plaintiff was standing immediately in front of the doctor; that plaintiff fainted and fell forward approximately a foot into the arms of Dr. Hinton, who laid him on the floor; and that plaintiff struck nothing as he fell, nor was his neck snapped by the fall.

Dr. Hinton was not produced as a witness.

Plaintiff testified that he had not been subject to fainting spells prior to the time of the accident and

that he remembered nothing that happened after he fainted in the first aid department. As to a conversation he later had with Dr. Hinton, he stated:

"He told me at that time he didn't know what the trouble was. At that time he said I fainted away and he couldn't bring me out of it. He said I kept clawing at my head and fighting."

As to what caused the lesion, Dr. List testified that it could result from a jerk which injured the ligaments of the neck.

This court does not weigh the evidence, but is bound by the finding of the department if there is any competent evidence to support that finding.*

Plaintiff was not disabled prior to December 1, 1937, and had had no fainting attacks prior to that time. It is undisputed that he fainted while receiving the first aid treatment, and, although the extent or violence of the fall is minimized by defendant's testimony, the fact remains that he has since been disabled as a result of a lesion of the ligaments of the neck, which could be produced by a "slight jerk." In addition, at the time he fell in the first aid room, regardless of the distance he may have fallen, he kept clawing at his head and fighting.

We believe that the department could properly infer from these facts that the disability was caused by the accident.

Award affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.

---

* See 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186).—REPORTER.