RAJKOVICH v. OLIVER IRON MINING CO.

1. WORKMEN'S COMPENSATION—FINDING BY DEPARTMENT—PROXIMATE CAUSE—NEUROSIS—EVIDENCE.

Finding of department of labor and industry of causal relation between employee's present neurosis and accidental injuries sustained over nine years ago so as to constitute it traumatic neurosis, being sustained by competent evidence, may not be disturbed.

2. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —DEATH OF EMPLOYER'S PHYSICIAN.

Death of employer's physician who treated injured employee would not bar employee from testifying as to the nature and extent of the injuries he received as the statute relative to

---

* Reversed and remanded on rehearing, see *post*, 711.—REPORTER.

matters equally within the knowledge of the deceaséd party or his agent has no application (3 Comp. Laws 1929, § 14219).

3. WORKMEN'S COMPENSATION—INADMISSIBLE EXPERT TESTIMONY— OTHER COMPETENT TESTIMONY.

In proceeding to recover workmen's compensation, expert testimony by a doctor, in part based upon records made by another who was not called as a witness, although inadmissible, *held,* not reversible error where there was other competent evidence in support of the award.

4. SAME—CLAIM FOR SPECIFIC INJURY—STATUTE OF LIMITATIONS.

A claim for a specific injury is barred if not made within the required time, even though a claim for another and distinct injury arising out of the same accident was timely filed (2 Comp. Laws 1929, § 8431).

5. SAME—STATUTE OF AMENDMENTS—AMENDMENT OF ANSWER.

In proceeding to recover workmen's compensation for traumatic neurosis, claimed to have resulted from injuries to head and feet of miner, by petition filed over nine years after the injury, where employer had not pleaded the statute of limitations, defendant's conditional proposal to amend its answer, if there was competent evidence of injuries other than those stated in agreement for compensation under which plaintiff had received compensation for over six months immediately after accident, so as to include the statute of limitations as to filing of claims did not operate as an amendment (2 Comp. Laws 1929, § 8431).

6. SAME—INJURIES TO HEAD AND FEET—TRAUMATIC NEUROSIS.

Miner who had received workmen's compensation for injuries to head and feet pursuant to a compensation agreement was not thereby precluded from recovering compensation for total disability due to traumatic neurosis resulting several years later from such injuries.

7. SAME—PLEADING OF DEFENSES—NOTICE OF INJURY—STATUTE OF LIMITATIONS.

Employer claiming it was entitled to notice of disability occasioned by traumatic neurosis but did not receive it and that relief for disability due thereto is barred by statute may not escape liability where such defense was neither pleaded nor issue joined thereon (2 Comp. Laws 1929, § 8431).

Appeal from Department of Labor and Industry. Submitted October 10, 1939. (Docket No. 94, Calendar No. 40,681.) Decided February 14, 1940.

Joe Rajkovich presented his claim against Oliver Iron Mining Company, employer, for injuries sustained while in its employ. On petition for further compensation. Defendant reviews award to plaintiff by appeal in the nature of certiorari. Affirmed.

*Edward W. Massie,* for plaintiff.

*Charles M. Humphrey* and *Charles M. Humphrey, Jr.,* for defendant.

Wiest, J. Plaintiff, while working as a miner for defendant company, was injured February 11, 1929, by falling pieces of rock striking the crown of his head and parts of his body. A report of the accident was made and compensation was by approved agreement. Compensation was paid until August 24, 1929, when plaintiff returned to work and continued to work as a miner until April 7, 1933. A settlement receipt, dated September 13, 1929, was filed but never approved. At the time plaintiff quit work the mine had slowed down but he claims he was no longer able to work because of his condition resulting from the mentioned injuries.

On June 3, 1938, over five years after he quit work and more than nine years after he was injured, he filed a petition for further compensation, claiming total disability from traumatic neurosis caused by the injuries he received in 1929. A deputy commissioner denied compensation, but upon appeal the department awarded compensation of $18 per week for total disability from April 7, 1933, until the expiration of the statutory period of 500 weeks, or until the further order of the department. Defendant reviews by appeal in the nature of certiorari.

Plaintiff, unquestionably, has disabling neurosis, and the principal question is whether the proofs support the finding of a causal relation of the neurosis

to the 1929 injuries so as to constitute it traumatic neurosis.

An examination of the record discloses competent evidence in support of the finding and, therefore, it may not be disturbed.

The death of the company physician, who treated plaintiff, did not bar plaintiff from testifying to the nature and extent of the injuries he received. The statute (3 Comp. Laws 1929, § 14219 [Stat. Ann. § 27.914]) relative to matters equally within the knowledge of the deceased party or his agent has no application.

Expert testimony by Dr. DeJong, in part based upon records made by another who was not called as a witness, was inadmissible, but in this review that, while noticed, does not call for reversal, there being other competent evidence in support of the award.

As we said in *Dennis* v. *Sinclair Lumber & Fuel Co.*, 242 Mich. 89:

"The claimed incompetent testimony can all be stricken out and still leave ample proof supporting the findings of the department. Such being the case, we will not spend time in determining whether it should have been excluded."

In the approved agreement for compensation the injuries resulting from the accident were described as:

"Laceration of scalp. Contusion of inner side left foot below ankle. Fracture undetermined."

At the hearing plaintiff claimed one of his arms was also injured.

In *Stackhouse* v. *General Motors Corp.*, 290 Mich. 249, we held:

"A claim for a specific injury is barred if not made within the required time, even though a claim

for another and distinct injury arising out of the same accident was timely filed."

At the hearing, counsel for defendant invoked the agreement statement of injuries as a bar to others and said:

"If there is competent evidence of those other injuries the defendant wishes to amend its answer to (include) the statute of limitations contained in the act itself." *

The answer of the defendant did not plead the bar nor did the conditional proposal operate as an amendment.

Plaintiff is not seeking further compensation for injuries not covered by the approved agreement but for total disability occasioned by a resultant neurosis from his head and foot injuries.

Defendant's liability includes compensation for disability of plaintiff to work and earn wages by reason of traumatic neurosis.

There has been no stoppage in this case by way of approved settlement receipt or order of the department.

If defendant was entitled to notice of the disability occasioned by traumatic neurosis (a point we do not decide) and did not receive such notice, and it is claimed that relief, therefore, is barred by statute, such defense should have been pleaded and issue joined thereon and, in the absence of such plea and issue, may not now be urged.

The award is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred.

---

* See 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165).—REPORTER.