CUNDIFF *v.* CHRYSLER CORP.

1. WORKMEN'S COMPENSATION—STIPULATION BEFORE DEPUTY COMMISSIONER—RECORD.

   Stipulation by defendant's attorney who appeared before deputy commissioner of department of labor and industry admitting that employer had timely notice of alleged accident may not be challenged on appeal to Supreme Court even though the Court were to find that the facts admitted were not otherwise substantiated by the record.

2. SAME—CLAIM FOR COMPENSATION—FINDING BY DEPARTMENT.

   In determining whether employee made timely claim for compensation it was for department to determine whether disability occurred at the first warning by occurrence of pain or when he was forced to quit his employment (2 Comp. Laws 1929, § 8431).

3. SAME—DEVELOPMENT OF DISABILITY OVER SIX MONTHS SUBSEQUENT TO ACCIDENT—CLAIM FOR COMPENSATION—FINDING BY DEPARTMENT.

   Finding of department of labor and industry that disability due to accident did not develop until after six months thereafter and that claim was made within three months after disability developed, being supported by the record, is binding upon Supreme Court (2 Comp. Laws 1929, §§ 8431, 8451).

4. SAME—FINDING OF DISABILITY—LACK OF WORK DOES NOT NECESSARILY IMPAIR RIGHT TO COMPENSATION.

   In proceeding by automobile manufacturer's employee on motor assembly line to recover compensation for injury to back, received when his foot broke through small platform on which he was standing while lifting a motor, claim that plaintiff lost no time because of disability except such as was made necessary by the union rules as to seniority *held*, untenable, as the fact that lack of work would nevertheless have kept him idle during the period of disability did not impair his right to compensation where department found plaintiff in fact totally disabled and unable to do the work he was employed to do at the time of the accident.

Appeal from Department of Labor and Industry. Submitted April 10, 1940. (Docket No. 78, Calendar No. 40,818.)   Decided June 3, 1940.

Jesse Cundiff presented his claim for compensation against Chrysler Corporation, employer, for injuries sustained while in its employ.   Award to plaintiff.   Defendant appeals.   Affirmed.

*I. W. Ruskin,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

BUTZEL, J.   Plaintiff was in defendant's employ on November 22, 1937, the date on which he was injured. His work on a motor assembly line was not heavy, except that when there were "bad motors" he had to lift cylinder blocks with the aid of one or two other employees.   He claims that he injured his back in lifting a motor when his foot broke through the small platform on which he was standing, and that on that day or the following day, he went to the company hospital and reported the accident.   Defendant filed a noncompensable accident report dated December 29, 1937, in which it stated as to the nature and cause of the injury:

"Strain of back.   Claims that while putting repaired cylinder blocks back on line, strained back. Did not slip or fall and nothing struck him.   We deny liability."

For some time after the accident plaintiff did the same work as before the accident, but he avoided any heavy lifting.   Thereafter until May 15, 1938, when he was laid off because of a union seniority rule, he worked at the light task of making out and stamping motor tags, which work did not involve any heavy

lifting. He claims that he asked for this job because he could do it better than the employee who had been doing it. He did receive some slips "for light work" from the nurse at the company hospital about a month or more after the accident. Although his back was hurting him, he "didn't want to say anything," but "figured it would clear up with a little bit of rest." His back hurt him "quite a bit" about the middle of the following July. About a month later he obtained a job doing house wrecking work, but he had to quit after a day and a half because of the intense pain. Shortly thereafter he went to his own physician for the first time and his ailment was diagnosed as "sacroiliac disease on the left side." He was not employed until called back by defendant on October 31, 1938, and he has not been able to do any lifting. Compensation for total disability was awarded for the period from August 15, 1938, to October 31, 1938.

Defendant claims (1) that it was not given notice of the accidental injury within three months after the happening thereof; (2) that plaintiff failed to make timely claim for compensation; and (3) that plaintiff did not suffer any compensable disability.

The first claim may be disposed of by reference to the stipulation of counsel at the outset of the hearing. When the deputy commissioner asked if counsel would stipulate "that the employer had notice and knowledge of the alleged accident within three months from the date of its occurrence," defendant's attorney replied, "Yes." The admission of the attorney may not be challenged here, even if we were to find that the facts admitted were not otherwise substantiated by the record. See *Dutrowska* v. *Landolfo,* 255 Mich. 377.

Was claim for compensation made within the time limit? Section 8431, 2 Comp. Laws 1929 (Stat. Ann. § 17.165), requires that claim for compensation shall be made "within six months after the occurrence of

the same * * * Provided, however, that in all cases in which the employer has been given notice of the injury, * * * but the actual injury, disability or incapacity does not develop or make itself apparent within six months after the happening of the accident, but does develop and make itself apparent at some date subsequent to six months after the happening of the same, claim for compensation may be made within three months after the actual injury, disability or incapacity develops or makes itself apparent to the injured employee.''

The department found that the disability developed about August 15, 1938, which is more than six months after the occurrence of the accident; claim for compensation was made October 7, 1938, less than three months after the disability developed. It is true that pain arrived at an earlier date but plaintiff was able to continue his work and honestly tolerated the discomfort. He stated that he believed the condition would clear up with a little rest. Whether he was disabled at the first warning or whether the disability really developed or made itself apparent when plaintiff was forced to quit his August, 1938, employment was for the department to determine. We are bound by the findings when we find support in the record for the conclusions reached. The mandate of the legislature is that ''The findings of fact made by said industrial accident board[*] acting within its powers, shall, in the absence of fraud, be conclusive.'' 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186). See *Thomas* v. *Ford Motor Co.,* 274 Mich. 564; *Froman* v. *Banquet Barbecue, Inc.,* 284 Mich. 44; *Macomber* v. *Olds Motor Works,* 291 Mich. 411; *Rajkovich* v. *Oliver Iron Mining Co.,* 292 Mich. 162.

[*] The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).—RE-PORTER.

The claim that plaintiff did not sustain any compensable disability is untenable. Defendant says in its brief that "plaintiff lost no time whatever from his employment with defendant except such as was made necessary by the rules of seniority." The fact that lack of work would nevertheless have kept plaintiff idle during the period of disability does not impair the right to compensation. It is enough that the department found there was in fact total disability and that he could not do the work he was employed to do at the time of the accident.

"Failure to find work is, indeed, no ground for compensation if the failure has its origin in general business conditions, the slackness of the demand for labor. (Citations omitted.) Failure to find work stands upon a different basis when the labor is unmarketable because of the condition of the laborer." *In Matter of Jordan* v. *Decorative Co.,* 230 N. Y. 522 (130 N. E. 634).

See *Hood* v. *Wyandotte Oil & Fat Co.,* 272 Mich. 190.

The award is affirmed. Costs to plaintiff.

Bushnell, C. J., and Sharpe, Potter, Chandler, North, McAllister, and Wiest, JJ., concurred.