KADYKOWSKI *v.* BRIGGS MANUFACTURING CO.

1. WORKMEN'S COMPENSATION—HERNIA—HEARSAY.
   Fact that plaintiff, seeking workmen's compensation, was permitted to testify that someone had told him that he had a hernia was not prejudicial error in view of the fact that he had previously had a hernia, knew what the symptoms were, felt a severe pain, went to first-aid station, wore a truss and was subsequently examined by his own doctor and a disinterested medical commission, both of whom diagnosed the case as hernia.

2. SAME—WEIGHT OF EVIDENCE.
   The weight of the testimony presented at a hearing on a petition for workmen's compensation is for the department of labor and industry.

3. SAME—FINDING OF FACT—EVIDENCE—LIMITED FIELD OF EMPLOYMENT.
   Department's finding of fact that injured employee's field of employment was limited was shown by refusal of employment because of hernia during period of layoff by an employer who was hiring men.

4. SAME—HERNIA—TOTAL DISABILITY—EVIDENCE.
   Total disability of plaintiff, seeking workmen's compensation, was shown by inability to secure employment because of hernia.

5. SAME—HERNIA—FINDING OF DEPARTMENT.
   Evidence in addition to report of disinterested medical commission was sufficient to sustain finding of department that plaintiff was disabled for periods for which compensation was awarded because of an occupational hernia.

Appeal from Department of Labor and Industry. Submitted January 6, 1943. (Docket No. 41, Calendar No. 41,687.)   Decided February 23, 1943.

Joseph Kadykowski presented his claim for compensation for hernia against Briggs Manufacturing Company, employer, and Aetna Casualty & Surety Company, insurer. Award to plaintiff. Defendants appeal. Affirmed.

*I. W. Ruskin,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

Butzel, J. In November, 1939, plaintiff, an employee of the Briggs Manufacturing Company, suffered a left inguinal hernia and after an operation returned to work at his old job as a metal finisher. After working three days at repairing a well, he was transferred at his request as a truck helper. He continued to do this work. He claims that on January 16, 1940, he felt a pain on his right side while working at the truck. He never theretofore had such pain. He had a sleepless night and the following day did not work, but went to the employer's first aid station where, upon being examined by the company's doctor, was told that there was nothing wrong with him. He again went to see the company's doctor two weeks later when he felt the pain which lasted two days. The company's doctor examined him again but said nothing. From that time on plaintiff wore a cloth truss or support. He worked until April 1, 1940, when he was laid off until July 16th. This evidently was a seasonal layoff. In the interim, being out of work, he went to the Pontiac Yellow Truck & Coach Company where they were taking on men but upon submitting himself to a physical examination, he found he had a hernia. He then went to his own doctor who examined him on May 15, 1940, and found he had a right direct inguinal hernia. Plain-

tiff testified that he had pain from the time he was laid off. On January 20, 1940, four days after he claimed he was injured, his attorney wrote to the employer stating that plaintiff had sustained an occupational hernia and had immediately reported it to the employer, and that through his attorney he made demand for an operation and compensation during disability; that the operation might be performed at any time convenient to the employer, as in the meantime, the employee had been furnished with light employment suitable to his condition. Plaintiff further testified that when he went to the first aid station of the employer, Mr. Trombley, who represented defendant insurance company, the insurer of the employer, was there. Plaintiff thought that he was a doctor. He told plaintiff not to do any more pushing. Mr. Trombley, who was present at the taking of the testimony before the commissioner, did not deny the conversation. Defendant's doctor testified that on January 25, 1940, plaintiff complained that he had had pain in the right lower abdomen for the past week and that he examined him again on two occasions, and while he found that the abdominal walls were weak, he did not have a hernia. The medical commission at Ann Arbor examined plaintiff on July 10, 1940, and made a finding that he was suffering from right inguinal hernia. Plaintiff claimed compensation for total disability caused by an occupational hernia. He was granted compensation from April 2, 1940, to July 15, 1940, and from August 9, 1940, to August 26, 1940, periods in which he was laid off. It was further shown that plaintiff received higher wages when he returned to work as a metal finisher, not as a truck helper.

Appellants claim that plaintiff should not have been permitted to testify that he had a hernia or

that someone told him he had a hernia and that the award is not in conformance with the testimony. While the latter statement was hearsay testimony, it was not prejudicial, particularly in view of the fact that plaintiff had previously suffered a left inguinal hernia, knew what the symptoms were, felt a severe pain, immediately went to the first aid station, wore a truss, subsequently was examined by his own doctor who diagnosed the case as hernia, which diagnosis was confirmed by a disinterested medical commission. The weight of the testimony was for the determination of the department.

Appellants further complain that in the findings of fact by the department, a statement was made that plaintiff's field of employment was somewhat limited. Such limitation was shown when he was refused employment because of his hernia during the period of layoff by an employer who was hiring men. Total disability is shown by his inability to secure employment because of his hernia. They further claim that because plaintiff has shown his ability to perform his former duties he could not be totally disabled. They, however, overlook the fact that because of his condition he was refused employment by another employer while he was out of work. In *Hood* v. *Wyandotte Oil & Fat Co.,* 272 Mich. 190, we laid down the rule as follows:

"An injured person may recover to the point where he can, if favored, perform special service, if such is obtainable, but, if none can be obtained because of his injury, his capacity to work and earn cannot be measured against his incapacity. If his injury isolated him from employment, then, of course, he is not to be held to have capacity to work and earn wages."

In *Cundiff* v. *Chrysler Corp.,* 293 Mich. 404, we held that the right to compensation was not im-

paired by the fact that "lack of work would nevertheless have kept plaintiff idle during the period of disability."

Appellants quote from *Jordan* v. *Decorating Co.,* 230 N. Y. 522 (130 N. E. 634), wherein it was stated that the failure to find work was no ground for compensation if such failure had originated because of general business conditions and slackness of demand for labor, but the court further said:

"Failure to find work stands upon a different basis where the labor is unmarketable because of the condition of the laborer."

The main question raised by appellants is whether plaintiff has proven disability for the period specified by the department. While it is true that the report of the medical commission is final only as to the date of the examination, other facts show that plaintiff proved compensable disability for the period specified in the order of the department. During the period he was not at work his condition prevented him from securing work with another employer. There is competent testimony that plaintiff suffered a hernia on January 16, 1940, as hereinbefore stated.

The award is affirmed, with costs to appellee.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, and BUSHNELL, JJ., concurred. SHARPE, J., concurred in the result.