ALLEN *v.* NATIONAL TWIST DRILL & TOOL COMPANY.

1. Workmen's Compensation—Occupational Disease Amendment—Disability.

An employee is disabled within the meaning of the occupational disease amendment to the workmen's compensation act when he is disabled from earning full wages at the work in which he was engaged when last subjected to the conditions resulting in disability (3 Comp. Laws 1948, § 417.1).

2. Same—Sandblaster—Pneumoconiosis—Total Disability.

In sandblaster's proceeding to recover workmen's compensation because of pneumoconiosis, evidence supported finding of workmen's compensation commission that plaintiff should not, because of the condition of his lungs, be employed as a sandblaster and was, therefore, totally disabled from earning full wages at the work in which he was employed when last subjected to the conditions resulting in disability.

3. Same—Pneumoconiosis—Sandblaster—Masks—Rule of Employer.

In sandblaster's proceeding to recover workmen's compensation because of pneumoconiosis, evidence supported workmen's

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am. Jur., Workmen's Compensation, § 246.
[1] Employer's liability, apart from specific occupational disease statutes, for occupational disease contracted by employee. 105 A.L.R. 80.
[1] Constitutionality of statute requiring protection against occupational or industrial diseases and accidents, with respect to definiteness and completeness. 99 A.L.R. 613; 6 A.L R. 355; 28 A.L.R. 1222.
[1, 2] What amounts to total incapacity within workmen's compensation acts. 67 A L.R. 785; 98 A.L.R. 729.
[2] 58 Am. Jur., Workmen's Compensation, § 252.
[3] Failure to obey a rule requiring use of safety device as affecting right to workmen's compensation. 23 A.L.R. 1161, 1186; 26 A.L.R. 166, 169; 58 A.L.R. 197, 204; 83 A.L.R. 1211, 1220; 119 A.L.R. 1409, 1417.
[3, 4] 58 Am. Jur., Workmen's Compensation, §§ 201–204.

compensation commission's finding that employer's rule that sandblasters should wear masks while at work was not intentionally and wilfully violated by plaintiff, where there was testimony. that plaintiff had difficulty in keeping his eyeglasses focused while wearing the mask, that the masks provided were not entirely satisfactory and that the other employees did not regularly wear the masks provided.

4. SAME—VIOLATION OF EMPLOYER'S RULE—ENFORCEMENT.
   An employer who claims nonliability under the workmen's compensation act because of the employee's wilful failure to obey an employer's rule or instruction, which failure resulted in employee's disability, must show that the rule or instruction was rigidly enforced.

5. SAME—AWARD—SANDBLASTER—TOTAL DISABILITY.
   An award of compensation to sandblaster for total disability due to pneumoconiosis in the sum of $5.67 per week for total disability until further order, but not to exceed the aggregate sum of $6,000 was a proper award where, as sandblaster, plaintiff had earned $59 per week, at present employment he earned $44 per week and award permitted a petition to stop or alter payments if such be required (3 Comp. Laws 1948, § 417.4).

Appeal from Department of Labor and Industry. Submitted April 7, 1949. (Docket No. 31, Calendar No. 43,736.) Decided May 18, 1949.

Joel G. Allen presented his claim for compensation against National Twist Drill & Tool Company, employer, and Travelers Insurance Company, insurer, for disability caused by pneumoconiosis. Award to plaintiff. Defendants appeal. Affirmed.

*Walter M. Nelson* (*Benjamin Marcus,* of counsel), for plaintiff.

*Buell A. Doelle,* for defendants.

BUSHNELL, J.   Defendants National Twist Drill & .Tool Company and its insurer seek to have an award

of the department of labor and industry vacated on the grounds that plaintiff Joel G. Allen's disability, due to silicosis, is only nominal; that he was guilty of wilful and intentional misconduct in failing to wear a mask while engaged in sandblasting, and because the award requires defendants to pay disability benefits for a period longer than 500 weeks.

Allen, after undergoing a pre-employment physical examination, began work for defendant Drill & Tool Company as a general laborer on November 30, 1942. In April of the following year, after submitting to an X-ray examination of his lungs, he was transferred to the sandblast department, where he earned $59 per week until late in September of 1945, when he was assigned to work as a janitor because of his low seniority. After being laid off on account of lack of work on October 15th, he applied the next day for employment at the L. A. Young Spring & Wire Corporation, where, after being given another X-ray examination, he was refused employment. Prior to entering the employ of defendant company, he worked approximately 4 years for G. C. Baer & Company, food chemists. His duties with this company consisted of the machine-mixing of starch, sugar, salt and other baking ingredients. After entering defendant's employ he continued to work an additional 4-hour shift at Baer & Company. At the time his case was heard by the deputy commissioner in May of 1946, he had resumed full-time employment with Baer & Company at $44 per week.

The commission found that Allen was totally disabled for work as a sandblaster by reason of pneumoconiosis, contracted during his employment by the Drill & Tool Company. The company contends that he was only partially disabled, for which compensation is not payable under section 4 of part 7 of the workmen's compensation act, as amended by Act No. 318, Pub. Acts 1945 (3 Comp. Laws 1948,

§ 417.4 [Comp. Laws Supp. 1945, § 8485–4, Stat. Ann. 1947 Cum. Supp. § 17.223]).

In *Finch* v. *Ford Motor Company*, 321 Mich. 469, we said:

"We believe that the commission was correct in holding that plaintiff was totally disabled. Section 1 of part 7 of the act, as amended in 1943,* defines 'disability' to mean 'the state of being disabled from earning full wages at the work in which the employee was last subjected to the conditions resulting in disability.' We feel that plaintiff is disabled within the meaning of this definition. In *Stewart* v. *Lakey Foundry & Machine Co.*, 311 Mich. 463, we held that it was not necessary that a claimant be totally disabled from performing any work, but that the test was whether he was able to earn full wages at the work at which he was employed when last subjected to the conditions resulting in disability. To like effect see *Thomas* v. *Continental Motors Corp.*, 315 Mich. 27, and *Syrjala* v. *Castile Mining Co.*, 316 Mich. 125. In the instant case, the fact that plaintiff did try to get work with another employer along the same line that he was accustomed to, and lost his job because of his pneumoconiosis shows that he is more than partially disabled. Again, the extent of his disablement was a question of fact, and the finding of the commission is supported by the record."

The commission in the instant case said:

"The doctors who examined the plaintiff agree that he should not be employed as a sandblaster due to the condition of his lungs. The evidence is clear that he could not return to such employment by reason of the condition of his lungs. He is therefore disabled from earning full wages at the work at

* 3 Comp. Laws 1948, § 417.1 (Comp. Laws Supp. 1945, § 8485–1, Stat. Ann. 1947 Cum. Supp. § 17.220).—REPORTER.

which he was employed when last subjected to the conditions resulting in disability."

There is testimony in the record to support this statement.

Defendant Drill & Tool Company provided a mask for the protection of its employees who worked in its sandblast department. Allen was informed by his assistant foreman, "a safety man," and the company's doctor, that a mask should be worn for his protection against those hazards which would cause a lung disease. The testimony in the record before us, however, indicates that this rule was not strictly enforced. The assistant foreman himself admitted that he did not wear a mask at all times and that there were other sandblasters, with one exception, who did not regularly wear their masks. There is some indication that the masks provided were not entirely satisfactory. Allen testified that he had difficulty in keeping his eyeglasses focused while wearing the mask. This and other testimony in the record sustains the commission's conclusion that Allen's failure to wear a mask at all times did not constitute intentional and wilful misconduct within the meaning of the act. See *Day* v. *Gold Star Dairy*, 307 Mich. 383.

In order to relieve defendant because of Allen's failure to obey instructions, it is necessary that defendant show that those instructions were rigidly enforced.

The order of the commission requires payment of compensation at the rate of $5.67 per week for total disability beginning October 16, 1945, until further order, but not to exceed the aggregate sum of $6,000.

The award in question is in conformity with the statute and the open award directed in *Rench* v. *Kalamazoo Stove & Furnace Co.*, 286 Mich. 314, and

permits a petition to stop or alter payments if such be required.

The award is affirmed, with costs to appellee.

SHARPE, C. J., and BOYLES, REID, NORTH, DETH-MERS, BUTZEL, and CARR, JJ., concurred.