GOUDIE v. LAKEY FOUNDRY & MACHINE COMPANY.

WORKMEN'S COMPENSATION—MILLWRIGHT—PNEUMOCONIOSIS—EVIDENCE—INABILITY TO SECURE EMPLOYMENT.

> Millwright who had been employed by defendant from April, 1937, to June, 1946, by another employer for about 11 months and then conditionally re-employed by defendant in September, 1947, and discharged a month later because he failed to pass defendant's physical requirements was not entitled to an award for "pneumoconiosis and other lung pathology caused by exposure to dust and other irritants," where subsequent to his discharge by defendant he was refused employment but failed to show such refusal was based upon his physical condition.

REID, BUTZEL, and BUSHNELL, JJ., dissenting.

Appeal from Workmen's Compensation Commission. Submitted October 14, 1949. (Docket No. 3, Calendar No. 44,428.) Decided February 28, 1950.

John Goudie presented his claim for compensation against Lakey Foundry & Machine Company, employer, for occupational disease resulting from employment. Award to plaintiff. Defendant appeals. Reversed.

REFERENCES FOR POINTS IN HEADNOTES
58 Am Jur, Workmen's Compensation, § 440.

*Benjamin Marcus,* for plaintiff.

*Joseph T. Riley,* for defendant.

*Amici Curiae:*
*L. J. Carey* and *Geo. J. Cooper.*

SHARPE, J.    Upon leave granted, defendant appeals from an award of compensation to plaintiff.

The material facts are as follows: Plaintiff was employed by defendant company from April, 1937, to June 28, 1946, after which he was employed by another employer for about 11 months. He is a millwright and as such is exposed to a certain amount of dust and sand. Plaintiff was conditionally reemployed by defendant on September 15, 1947, and released on October 17, 1947. The reason given by defendant company for the termination of employment was that plaintiff failed to pass the employer's physical requirements. During the time plaintiff was in the employ of defendant company, X-rays were taken of his lungs on the following dates: September, 1937; July, 1943; April, 1946; September 12, 1947; October 14, 1947; and November 20, 1947. There was no improvement shown in the X-ray report from September 12, 1947, to October 14, 1947. Two other X-rays were taken of plaintiff's lungs in February and August, 1948.

In March, 1948, plaintiff filed an application for a hearing and adjustment of claim based upon the theory that he suffered disablement on or about October 14, 1947, due to an occupational disease. "Pneumoconiosis and other lung pathology caused by exposure to dust and other irritants."

The commission granted an award to plaintiff based upon the following reasons:

"The basic question before us is whether or not the plaintiff is disabled by reason of the occupation-

al condition in his lungs. There is no doubt that this condition, evidenced by increased linear markings in his chest X-rays, arose out of and in the course of his employment. This condition is, therefore, compensable if disabling for the same reason that silicosis is compensable if disabling. The test of disability is the employee's capacity to earn 'full wages at the work in which the employee was last subjected to the conditions resulting in disability;' (Part 7, § 1 of the workmen's compensation act). In this case the defendant employer has already answered the question by discharging the plaintiff because of his increased linear markings. It has pronounced the plaintiff unemployable because of his occupational condition. Specifically, this condition has caused the plaintiff to lose his job in skilled employment; to lose several months from work and to be relegated, at least for the time being, to a common-labor job at lessened wages. It matters little that an employee may retain inherent physical capacity to work regardless of an occupational condition when the test of employability is such that the existence of that condition isolates him from employment in the skilled work in which the condition was contracted."

Defendant bases its appeal upon the following grounds:

"(1) There is no evidence that plaintiff has pneumoconiosis or any lung pathology and there is no support in the record for the order of the compensation commission filed in this cause.

"(2) Plaintiff has failed to meet the burden of proof of showing that he has an occupational disease.

"(3) Plaintiff has failed to meet the burden of proof of showing that he is disabled from earning full wages at the work in which he was last employed by the defendant.

"(4) The order of the compensation commission is not based on any sound factual or legal grounds.

"(5) The statute speaks in terms of physical disability.  The compensation commission has invaded the province of the legislature by attempting to extend the meaning and intent of the legislature in adopting the statute.

"(6) The legislature intended that the statute would be applied to physical disability because of an occupational disease and did not intend that the statute should be used to compel an employer to engage the services of any person or persons, nor the services of the plaintiff in this case."

We have restricted our consideration of this case to the inquiry of whether there is any competent evidence in the record to support the commission's finding that plaintiff is disabled within the meaning of the compensation act.

We have repeatedly held that the burden of establishing a claim for compensation rests upon those seeking an award.  It is also equally true that while the workmen's compensation statute vests in the commission the exclusive and sole prerogative of determining issues of fact, yet its findings of fact must be based on evidence in the record and reasonable inferences to be drawn therefrom.  See *Johns v. Wisconsin Land & Lumber Co.,* 268 Mich 675.

Plaintiff testified as follows:

"*Q.* Now, have you noticed anything at all about your health or lack of it—I am referring to the time about September, 1947?

"*A.* Oh, only a little tired once in a while.

"*Q.* That is the only thing you have noticed?

"*A.* That is the only thing I can feel.  *  *  *

"*Q.* Now, after you were discharged did you try to find employment elsewhere?

"*A.* I did at several plants.

"*Q.* Can you name them?

"*A.* Central Paper Company.

"*Q.* Did you get employment there?

"*A.* I did not.

"*Q.* Did they give you an examination?
"*A.* They did not.
"*Q.* Where else did you go?
"*A.* Shaw Walker's
"*Q.* Did you get employment there?
"*A.* No.
"*Q.* Did they give you an examination?
"*A.* No.
"*Q.* Where else did you go?
"*A.* To the Weiner Foundry.
"*Q.* Did they hire you there?
"*A.* Unfortunately they were laying off men at the time I went there.
"*Q.* I didn't ask you that. Did they hire you?
"*A.* No.
"*Q.* Did you take a physical examination?
"*A.* No.
"*Q.* Where else did you go?
"*A.* I finally tried at Norge.
"*Q.* Did you get employment there?
"*A.* I did."

Plaintiff's counsel also stated:

"I personally can assure you this man does not have real medical disability. I personally, without involving the man, can agree this man has no real medical disability."              .

Plaintiff relies upon *Kadykowski* v. *Briggs Manufacturing Company,* 304 Mich 503. In that case plaintiff was able to continue his work at Briggs Manufacturing Company despite an occupational hernia, but was refused employment by another employer because of his hernia. It is to be noted that in the case at bar plaintiff was not denied employment because of physical disability. Other cases cited by plaintiff are readily distinguished from the facts involved in the case at bar.

Dr. Arthur H. Joistad, Jr., called as a witness on behalf of defendant, testified that he had examined

the X-ray films taken of plaintiff's lungs and his interpretation was, "for all intents and purposes, healthy lungs, increased lineal markings, but no evidence of any pulmonary disease."

Dr. Paul E. Medema, called as a witness on behalf of defendant, testified that he examined plaintiff in August, 1948 and found no evidence of lung ailment and would pass him as employable.

The commission based its award upon a finding that plaintiff's condition isolates him from employment in the skilled work in which the condition was contracted. The medical testimony and other testimony clearly shows that plaintiff is employable, even though he does not measure up to the standards set for employment by defendant company. The records show that on May 21, 1946, plaintiff was laid off at defendant company because of curtailment of work; that on June 5, 1946, he was re-employed and on June 28, 1946, was discharged; that from July 15, 1946, to August 26, 1947, he was more or less steadily employed by another firm; and that on September 15, 1947, he was re-employed by defendant company on a 30-day trial period, depending upon whether or not he could pass the physical examination and thereby measure up to the standards required by defendant company. In our opinion plaintiff has failed to supply competent evidence showing that he is unable to gain employment because of his physical condition. Until such evidence is supplied he is not entitled to compensation.

Other issues have been raised, but in view of our decision it is unnecessary to discuss them. The award is set aside, with costs to defendant.

BOYLES, C. J., and NORTH and CARR, JJ., concurred with SHARPE, J.

Dethmers, J. (*concurring*). I concur with Mr. Justice Sharpe in reversal for the reason that there is no evidence in the record of disablement. As noted in Justice Sharpe's opinion, plaintiff's attorney stated on the record that plaintiff "has no real medical disability," thus distinguishing this case factually from *Kadykowski* v. *Briggs Manufacturing Co.*, 304 Mich 503, in which the plaintiff claimed and the commission found that he had a physical disability, *viz.*, a hernia, and we found that there was competent evidence to support such finding. In like manner this case is distinguishable from *Stewart* v. *Lakey Foundry & Machine Co.*, 311 Mich 463, and *Allen* v. *National Twist Drill & Tool Co.*, 324 Mich 660, in both of which there were findings, supported by competent evidence, of physical disability consisting in the one case of pneumoconiosis and silicosis in the other, due to which plaintiffs therein were advised by doctors that they could not safely return to their previous employment.

The workmen's compensation law provides for compensation for disablements, not merely for conditions, not disabling, which employers may consider undesirable in their employees. In this connection it is to be observed that when, in *Hood* v. *Wyandotte Oil & Fat Co.*, 272 Mich 190, we spoke of an injury as compensable because it isolated the employee from employment we were speaking of an injury which had physically disabled the employee from performing manual labor, in which he had been engaged when the injury occurred. The case is not to be considered authority for the proposition that a nondisabling condition arising out of or due to causes and conditions characteristic of and peculiar to a specific employment is compensable merely because it has the effect of isolating the employee from employment due to aversions or objections by employers or fellow employees. In that connection it

must be noted that despite language to that effect in a headnote to our opinion in *Flanigan* v. *Reo Motors, Inc.,* 300 Mich 359, we did not hold that a nondisabling physical condition was compensable because it led to the employee's discharge due to objections to such condition by fellow employees. On the contrary, we held the plaintiff therein entitled to compensation because his disease, dermatitis venenata, "was such that he might well have claimed he was physically unable" and because "There is ample testimony to support the findings of the department that dermatitis venenata disabled plaintiff from earning full wages in the work at which he was last employed."

BOYLES, C. J., and NORTH and CARR, JJ., concurred with DETHMERS, J.

BUSHNELL, J. (*dissenting*). I am unable to agree with the conclusion reached by Mr. Justice SHARPE.

It is fundamental that in reviewing matters from the department of labor and industry, an award will be upheld where there is any evidence to support the findings of fact of the commission.

Mr. Justice SHARPE feels that there is no evidence that Goudie was unable to secure employment because of his physical condition. The record shows that, although "conditionally" re-employed by defendant on September 15, 1947, Goudie was "released" on October 17, 1947. The reason given for the termination of employment was that he failed to meet his employer's physical standards. This conclusion was reached after considering X-rays of Goudie's lungs, which had been taken on September 12 and October 14, 1947. This is evidence that he was unable to secure employment because of his physical condition. See *Kadykowski* v. *Briggs Manufactur-*

*ing Co.*, 304 Mich 503, and *Allen* v. *National Twist Drill & Tool Co.*, 324 Mich 660.

The award of the commission should be affirmed.

REID and BUTZEL, JJ., concurred with BUSHNELL, J.