WIELAND v. DOW CHEMICAL COMPANY.

1. WORKMEN'S COMPENSATION—TEST OF EARNING CAPACITY.
   The test of an injured employee's right to compensation is his inability by reason of the accident to work and earn wages in the employment at which he was engaged when injured.

2. SAME—EARNING CAPACITY—ORDINARY PERMANENCY.
   An employee who accepts work and receives wages therefor in a recognized regular employment, with the ordinary conditions of permanency thereby establishes a present earning capacity equal to such wages, whatever may be his physical condition.

3. SAME—EARNING CAPACITY—RESUMPTION OF WORK.
   Plaintiff, an unskilled lathe operator, whose left hand was injured and who received compensation for upwards of a month until he resumed employment, who thereafter continued to work at the same and heavier work at increased pay, established an earning capacity which was not shown to have diminished at the time of or during 7-month period of layoff for lack of work beginning nearly 9 months after resumption of work after injury, hence he was not entitled to workmen's compensation during such layoff.

Appeal from Workmen's Compensation Commission. Submitted June 4, 1952. (Docket No. 25, Calendar No. 45,178.) Decided September 3, 1952.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 58 Am Jur, Workmen's Compensation §§ 282, 284, 285.
[1-3] Right to compensation as affected by fact that injured employee earns, or is offered, as much as, or more than, before the injury. 149 ALR 413.
"Incapacity for work" or the like, as including inability to obtain work following an injury. 33 ALR 115.

Benjamin A. Wieland presented his claim for further compensation against Dow Chemical Company, employer, and Zurich General Accident & Liability Insurance Company, Ltd., insurer, for injuries sustained while in its employ. Award to plaintiff. Defendants appeal. Reversed.

*Bernard S. Frasik* (*James Scott Wood,* of counsel), for plaintiff.

*Stanton, Montgomery, MacKenzie & Cartwright* (*Harvey D. Walker,* of counsel), for defendants.

Dethmers, J. Defendants appeal from an award of the workmen's compensation commission allowing plaintiff compensation for total disability for the period from February 12, 1950, to September 12, 1950.

On April 11, 1949, bones in plaintiff's left hand were fractured in an accidental injury arising out of and in the course of his employment with defendant Dow. As a result, he was off work until May 19, 1949, and received compensation for that period. He then returned, at the same pay, to his regular work as an unskilled lathe operator. Due to pain in his hand, he was permitted for a time to run somewhat lighter stock through his same machine and on that same account lost a few additional days' time. Plaintiff testified that his left hand hurt him on the job and that he used his foot rather than his left hand on a wrench to tighten the parts he was machining into position on the lathe. This was also the practice of many other men. Plaintiff received complaints about the amount of material scrapped due to his failure to adequately tighten the chuck into the machine. Later he requested that his classification be raised to first class operator. His request was refused at first on the grounds of lack of experience and production on his part; but ultimately it was granted with

a corresponding increase of pay. He testified that in his new classification it was necessary that he do the best, if not the most, work and that he had done first-class work. He admitted that on his new job he operated just as heavy a machine and lifted and worked on heavier parts than was the case at the time of his injury. The proofs show that he did this work in a proper and satisfactory manner.

On February 12, 1950, plaintiff was laid off for lack of work, along with other men doing the same kind of work. He was called back to his job as a first-class lathe operator on September 12, 1950, and continued at it steadily and satisfactorily, at full pay, until the date of hearing on October 3, 1950. During the layoff he received unemployment compensation for 20 weeks. During that period he was offered a job as lathe operator by another concern, discussed and went through the job for an hour with his prospective employer and told him that he could not do the job because it necessitated opening and closing the chuck with his left hand. He also attempted to conduct an awning business but testified that he could not physically do what was required in that work because of his injured hand and, further, that he had tried 2 other ventures with scant success, failing, however, to establish the injured hand to have been a factor. Plaintiff also adduced medical testimony to establish some loss of grip, soreness and tenderness in an area the size of a dime in the palm of the left hand, and overlapping of fingers and lack of complete closure of the hand.

Was plaintiff entitled to compensation for the 7-month period of his layoff? Plaintiff relies on such cases as *Smith* v. *Pontiac Motor Car Co.*, 277 Mich 652; *Cundiff* v. *Chrysler Corp.*, 293 Mich 404; *Shaw* v. *General Motors Corp.*, 320 Mich 338. They are not in point. Although plaintiff was at first, after his injury, permitted to machine lighter parts on the same

old lathe, there is no showing that this practice continued. On the contrary, prior to his being laid off for lack of work, he had been promoted to a better position and worked at as heavy a lathe on heavier stock than that on which he had worked at the time of injury. This is not, as in the cited cases, a case of a plaintiff being returned and kept, after injury, at light work or temporary, makeshift, odd lot or nondescript employment, nor was he unable at the time of the layoff to do the work he was employed to do at the time of the accident. Despite medical testimony showing some disablement of the hand and proof of discomfort and pain in operating a lathe or putting up awnings, it was established that plaintiff was able to and actually did do his old work for a time and thereafter, upon promotion, even heavier work than before, in a satisfactory manner, establishing an earning capacity thereat which was not shown to have diminished at the time of or during his layoff. Applicable is the following:

"The test of an injured employee's right to compensation is his inability by reason of the accident to work and earn wages in the employment at which he was engaged when injured." *Levanen* v. *Seneca Copper Corp.*, 227 Mich 592, 601.

"Admittedly plaintiff suffers some disability in that he is unable to flex completely the injured thumb but there was no showing that the disability had in any way lessened his earning capacity. * * * He was laid off due to regulations of the union to which he belonged and not because of inability to perform his work. The record is devoid of a showing that during this period his injury would have prevented him from performing his old job at the pasteurizer. To entitle him to a resumption of payments the burden was upon him to prove that because of the accident he was suffering a disability that lessened his earning capacity. Proof of a physical condition which in no sense impairs the employee's wage-earn-

ing ability is not sufficient." *Kalonsky* v. *Goebel Brewing Co.,* 282 Mich 638, 640.

"When an employee accepts work and receives wages therefor in a recognized regular employment, with the ordinary conditions of permanency, as here, there is no room for argument that he has not thereby established a present earning capacity equal to such wages, whatever may be his physical condition." *Markey* v. *S.S. Peter & Paul's Parish,* 281 Mich 292, 299.

There is no competent testimony in the record to support the commission's finding that, during the period in question, plaintiff was disabled from doing the unskilled labor at which he was engaged at the time of his injury.

Reversed, with costs to defendants.

CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

BUTZEL, J., and the late Chief Justice NORTH did not sit.