# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 26, 2008

Rehearing No. 550

135375

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PATRICIA D. BRACKETT,
        Plaintiff-Appellee,

v

FOCUS HOPE and ACCIDENT FUND
INSURANCE COMPANY OF AMERICA,
        Defendants-Appellants.

SC: 135375
COA: 274078
WCAC: 04-000165

_____/

On order of the Court, the motion for rehearing is considered, and it is DENIED.

CAVANAGH, J. (*dissenting*).

I would grant rehearing and, on rehearing, would reverse this Court's July 30, 2008, decision because defendant has failed to offer any evidence that the work rule in question had been enforced. When seeking to avoid paying workers' compensation benefits to an employee because the employee violated a work rule, the employer has the burden of proving that the work rule was "rigidly enforced." *Allen v Nat'l Twist Drill & Tool Co*, 324 Mich 660, 664 (1949). Although defendant showed that employees knew that the work rule was considered mandatory, defendant entirely failed to show any occurrence of actual enforcement of the rule except against plaintiff. Thus, defendant has failed to establish a defense under MCL 418.305.

KELLY, J., joins the statement of CAVANAGH, J.

WEAVER, J. (*dissenting*).

I dissent from the order denying plaintiff's motion for rehearing. I would grant rehearing for the reasons stated in my statement dissenting from the decision of the majority of four (Chief Justice Taylor and Justices Corrigan, Young, and Markman) to

reverse the judgment of the Court of Appeals on the ground that the plaintiff's refusal to attend a mandatory employee event constituted "intentional and wilful misconduct" under MCL 418.305, thereby barring her recovery of benefits under the Worker's Disability Compensation Act, MCL 418.101 *et seq.*

For my reasons in detail, see my dissenting statement in *Brackett v Focus Hope,* 482 Mich___; 753 NW2d 207, 216 (2008).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 26, 2008

*Corbin R. Davis*
Clerk

0923