SYRJALA *v.* CASTILE MINING COMPANY.

1. WORKMEN'S COMPENSATION—SILICOSIS—TOTAL DISABILITY—COMPUTATION.

Where pertinent limitation upon compensation payable for temporary or permanent total disability or death from silicosis, as provided by statute, was $3,000, contention of employer that employee who had received compensation for partial disability for a time should credit payment of maximum weekly compensation for the period for which partial compensation had been paid *held,* untenable, as such computation would result in imposing a time limitation governing payment of compensation that was not then found in the workmen's compensation act (Act No. 10, pt. 7, § 4, Pub. Acts 1912 [1st Ex. Sess.]; as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 3, Pub. Acts 1937 [Ex. Sess.]).

2. SAME—SILICOSIS—APPROVED SETTLEMENT AGREEMENT—RES JUDICATA.

Where an approved settlement agreement and attached rider for payment of workmen's compensation failed to restrict payment in a lesser amount than maximum for total disability due to silicosis permitted by then pertinent statute and statutory provision that such an agreement should be deemed final and binding upon the parties thereto had been deleted before agreement here involved was executed, recovery of compensation aggregating such maximum was not barred on subsequent petition for review of payments by the doctrine of *res judicata* (2 Comp. Laws 1929, § 8444, as amended by Act No. 245, Pub. Acts 1943; Act No. 10, pt. 7, § 4, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 3, Pub. Acts 1937 [Ex. Sess.]).

3. SAME—SILICOSIS—PARTIAL AND TOTAL DISABILITY—COMPUTATION OF COMPENSATION PAYABLE—MAXIMUM.

An employee who has received compensation for a period before becoming totally disabled, because he was able to do work for the employer at lesser wages, was not thereby prevented

from recovering maximum permissible for total disability due to silicosis, hence payment of compensation at then maximum rate until amount of partial and total compensation aggregated statutory maximum for disability due to silicosis is required (Act No. 10, pt. 7, §§ 3, 4, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and § 4, as amended by Act No. 3, Pub. Acts 1937 [Ex. Sess.]).

Appeal from Department of Labor and Industry. Submitted April 4, 1946. (Docket No. 38, Calendar No. 43,308.) Decided December 2, 1946.

Isaac Syrjala presented his claim for further compensation against Castile Mining Company, which petition was later amended to ask for review of payments. Award to plaintiff. Defendant appeals. Affirmed.

*Charles L. Santini* and *Bernard E. Larson,* for plaintiff.

*S. W. Patek,* for defendant.

REID, J. Plaintiff and defendant entered into a written agreement covering compensation for disablement of plaintiff for silicosis incurred in the course of his employment, which agreement was approved in April, 1944 by the department of labor and industry. Afterwards, plaintiff made an application for further compensation before the department, which application was amended to constitute the same a petition for review of payments. This petition after a hearing before a deputy commissioner was denied. Upon appeal the department reversed the deputy and awarded compensation in accordance with plaintiff's claim. Defendant appeals from the award by the department.

Plaintiff claims that the method of computation of the award as considered by the deputy commis-

sioner, which computation was made by appellant's superintendent and attached as a rider to the agreement, was incorrect, and that the doctrine of *res judicata* does not apply to the agreement and computation set out in the rider attached to the agreement; further, that the award by the deputy based on the rider attached to the agreement was contrary to the statute. · Plaintiff further claims that because he suffered from silicosis contracted in the employment and was totally disabled thereby for employment in the occupation in which he contracted the disease, he is entitled to receive compensation in total payments of $3,000, under Act No. 10, pt. 7, § 4, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 3, Pub. Acts 1937 (Ex. Sess.) (Comp. Laws Supp. 1940. § 8485–4, Stat. Ann. 1942 Cum. Supp. § 17.223).

Defendant claims that the computation in the agreement, including the rider, is correct; that the approval of the agreement by the department amounted to an award; that the department was without authority to grant a rehearing and without authority to make an award different in effect, after having approved the agreement. Defendant further claims that compensation is payable weekly from the date of disablement, and that the employer is entitled to credit for the number of weeks the employee earns wages and receives partial compensation, said credit to be applied against the total number of weeks that the maximum amount recoverable is to be spread, and that there should also be a reduction of the maximum amount of compensation specified in part 7, § 4 of the act, proportionate to the reduction in the employee's earning capacity.

On December 15, 1941, plaintiff became totally disabled to perform his work as a miner and was on that day removed from further exposure to the

silica hazard. Thereafter he received lesser wages than he had received as a miner, but still worked for defendant, first as a powder man until April 16, 1942, and later on the surface until March 10, 1944, when his employment was terminated. He was hospitalized for treatment of silicosis on March 30, 1944. On April 3, 1944, plaintiff entered into an agreement with the defendant in regard to compensation. The agreement provided that December 15, 1941 was the date of the disablement, the cause, silicosis developed during plaintiff's employment, and the compensation rate, $18 per week. Attached to the agreement at the time of filing was a rider, prepared and submitted by the defendant, showing the method of computation and the payments made to the employee during the period he worked at diminished wages following his disablement.

For purposes of decision herein, we may assume that the rider is part of the agreement. The rider is as follows:

"Date of disablement being Dec. 15, 1941 the total compensation payable would be $2,950 at $18 per week for 164 weeks from Dec. 15, 1941.

"Earnings 12/15/41 to 3/10/44, incl., 116–5/6 weeks at $46.98 (average weekly wage prior to disablement)        $5,488.83

"Actual earnings during above period    4,213.21

"Reduction in earning capacity        $1,275.62

"Percentage of reduction in earning capacity (per proviso part 7, § 3) 1275.62 ÷ 5488.83 = 23.24 per cent.

"Full compensation for above period, 116–5/6 weeks at $18        $2,103.00

"Percentage of full compensation proportionate to reduction in earning capacity (per proviso part 7, § 3) 23.24 per cent. of $2,103        $  488.74"

In July, 1945, plaintiff filed application for further compensation and amended to constitute the same a petition for review of payments. Defendant pleaded the agreement in question as *res judicata.* The deputy commissioner denied plaintiff relief, sustaining defendant's plea of *res judicata,* and denied a rehearing, relying upon *Estate of Beckwith* v. *Spooner,* 183 Mich. 323 (Ann. Cas. 1916 E, 886) ; *Winn* v. *Adjustable Table Co.,* 193 Mich. 127 (13 N. C. C. A. 612) ; *Wicko* v. *Ford Motor Co.,* 292 Mich. 335. The department reversed the deputy and ordered that defendant pay plaintiff compensation of $18 per week from February 3, 1945, until the payments, both partial and total compensation, aggregated $3,000.

On this appeal the controlling question is whether defendant is correct in its contention that because it has paid to plaintiff partial compensation for 116-5/6 weeks that period should be deducted from the total number of weeks during which plaintiff would be entitled to compensation at $18 per week until he received a total of $3,000, providing his total disability continued. In making this contention defendant relies upon the so-called rider which was attached to the 1944 settlement agreement. In effect defendant's contention would result in the compensation which plaintiff is entitled to receive being governed by the number of weeks during which compensation was paid. There is no such provision in the statute. Instead the statute provides, as applied to the facts in the instant case, that the amount of compensation to be paid is limited to $3,000, providing the employee's total disability continues until that amount of compensation accrues.

The above raises the question as to whether or not the 1944 settlement agreement as approved by the

department limited plaintiff's right to recover as contended by defendant, such claim being made by defendant on the ground of *res judicata*.

Because we deem it not essential to decision, we forego any consideration of the lack of power of the department to limit an employee's compensation in a manner contrary to the terms of the workmen's compensation act. Instead we are content to rest decision on the 1944 settlement agreement as approved by the department, including the rider attached thereto.

The approved agreement, after stating plaintiff's employment by defendant, his disability resulting from silicosis, his disablement as of December 15, 1941, his average weekly wage of $46.98, provides:

"It is agreed, that compensation be paid at the rate of $18 per week, during total disability of ————weeks."

The attached rider contains a statement showing the percentage by which plaintiff's earnings were reduced during the 116–5/6 weeks that he worked after the agreed date of his disablement as being 23.24 per cent. At the time of the agreed settlement such computation was only material for the purpose of disclosing how much compensation defendant conceded plaintiff was entitled to receive during the period of his partial disability. It in no way, except as hereinafter noted, restricts the total amount of compensation provided in the statute limiting the amount to $3,000. The statute provides:

"SEC. 4. Compensation shall not be payable for partial disability due to silicosis or other dust disease. In the event of temporary or permanent total disability or death from silicosis or other dust disease, notwithstanding any other provisions of this act, compensation shall be payable under this part to employees in the employments enumerated

in section two of this part, or to their dependents in the following manner and amounts: If disablement or death occurs during the first calendar month in which this act becomes effective not exceeding the sum of five hundred dollars; if disablement or death occurs during the second calendar month after which this act becomes effective not exceeding the sum of five hundred and fifty dollars; thereafter the total compensation and benefits payable for disability and death shall increase at the rate of fifty dollars each calendar month. The aggregate amount payable shall be determined by the total amount payable in the month in which disablement or death occurs. In no event shall such compensation exceed an aggregate total of three thousand dollars." Act No. 10, pt. 7, § 4, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 3, Pub. Acts 1937 (Ex. Sess.) (Comp. Laws Supp. 1940, § 8485-4, Stat. Ann. 1942 Cum. Supp. § 17.223). Amendments made in 1943 and 1945 do not apply.

We do not overlook the fact that the rider contains the following:

"Date of disablement being Dec. 15, 1941 the total compensation payable would be $2,950 at $18 per week for 164 weeks from Dec. 15, 1941."

Notwithstanding the above recital that total compensation would be $2,950, the department found that the total would be $3,000. This rather inconsequential discrepancy in the amount is due to the department's finding that plaintiff was in defendant's employment for a greater number of weeks after the act became effective than was assumed in defendant's computation. We do not understand that the discrepancy just above noted is urged as a ground of reversing or modifying the award from which this appeal was taken.

Careful consideration of this record brings the conclusion that there was no provision contained in the 1944 approved settlement, including the rider, which restricted plaintiff's right to compensation, providing his total disability continued, to a lesser amount than $3,000, as provided in the statute. It follows that decision herein is not controlled by *res judicata.*

In appellant's brief it is further asserted that:

"The department determined that section 4 of part 7 of the act permits recovery of the maximum of $3,000 in any and all events when disablement occurs in December, 1941, allowing plaintiff said sum notwithstanding that he earned $4,213.21 at other work for defendant for and during the first 116-5/6 weeks from and after the date of disablement, and notwithstanding said proviso of section 3 of part 7 of the act which provides that 'the compensation payable shall be a percentage of full compensation proportionate to the reduction in his earning capacity.' * * *

"Defendant, appellant, contends that said $3,000 as well as the period of time over which payments must be spread, must be reduced accordingly, in conformity with said proviso of section 3·of part 7 of the act."

We cannot construe the controlling portion of the compensation act in accord with the above noted contention of appellant. Notwithstanding, for the purpose of determining the amount of compensation that plaintiff was entitled to at the time of the 1944 settlement agreement, computation was presented in the rider on the theory of reduced compensation because of plaintiff's earnings during the corresponding period, that did not nullify plaintiff's right to recover compensation as provided in section 4 above noted. In this connection it must be noted that section 4 provides:

"Compensation shall not be payable for partial disability due to silicosis or other dust disease. * * * The aggregate amount payable shall be determined by the total amount payable in the month in which disablement or death occurs. In no event shall such compensation exceed an aggregate total of three thousand dollars."

Under the record in the instant case, assuming plaintiff's disablement continues during the full period, the award of the department was correct. In holding as above we are mindful that the former statutory provision that an agreement entered into by the respective parties as to compensation if approved by the department "shall be deemed final and binding upon the parties thereto" (2 Comp. Laws 1929, § 8444 [Stat. Ann. § 17.178] was deleted from the statute in 1943. See 2 Comp. Laws 1929, § 8444, as amended by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8444, Stat. Ann. 1946 Cum. Supp. § 17.178]). On this appeal no question is raised involving the change of the statute, and hence we do not discuss it herein.

The award of the department which in part reads as follows: "Therefore, it is ordered, that * * * defendant shall pay to the plaintiff compensation of $18 per week from February 3, 1945 until the payments in this cause, both partial and total compensation, aggregate $3,000" is affirmed, with costs to appellee.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, and NORTH, JJ., concurred. STARR, J., took no part in the decision of this case.