345 Mich. 139 (1956)
75 N.W.2d 890
MATUZ
v.
CAMPBELL, WYANT & CANNON FOUNDRY COMPANY.
Docket No. 3, Calendar No. 46,625.
Supreme Court of Michigan.
Decided April 2, 1956.
Marcus, Kelman, Loria, McCroskey & Finucan (Benjamin Marcus, of counsel), for plaintiff.
Alexander, Cholette, Buchanan, Perkins & Conklin (Edward D. Wells, of counsel), for defendants.
REID, J.
Plaintiff's application for adjustment of claim against defendants was heard before a deputy commissioner on June 23, 1951. From the award of the deputy, appeal having been had to the workmen's compensation commission, the commission made its order modifying award on March 18, 1953, for the personal injury sustained by plaintiff on November 29, 1944.
*141 Plaintiff filed a motion in the circuit court for entry of judgment based on a certified copy of the award and opinion of the workmen's compensation commission and from the judgment entered by the circuit court, filed March 8, 1955, defendants filed their claim of appeal, March 28, 1955. That part of the award of the deputy commissioner that absolved Lakey Foundry of liability was affirmed by the award of the commission.
Plaintiff began working for defendant Campbell, Wyant & Cannon Foundry in 1933 and worked more or less regularly until March 19, 1945. His principal employment was as a chipper. He was taken off the chipping job on November 19, 1944, on orders of Dr. Lauretti, the defendant's doctor, following a chest X-ray examination. Plaintiff was to be given a job where there was no dust. He was put on a salvage job at which his wages were $1.05 an hour. As chipper they had been $2.35 an hour. Plaintiff quit working for the defendant on March 19, 1945, and shortly thereafter went into the marine service, from which he was discharged June, 1946. In August, 1946, he applied for re-employment at the defendant foundry but was refused. Plaintiff then took up painting at which he earned about $50 a week until 1951 when his earnings amounted to about $65 a week, until the date of the hearing held in this matter on June 25, 1951, at which time he was making about $75 a week. On July 24, 1950, the plaintiff applied for employment at the Lakey Foundry & Machine Company and was put to work as a chipper. He was given a chest X-ray examination and worked 2-1/2 days. He was then called into the office of Dr. Lauretti, who was also the doctor for Lakey Foundry, and was advised that he had silicosis and could not be hired.
There was some disagreement in the expert testimony as to presence of silicosis but the commission *142 found the preponderance of the evidence indicates that plaintiff does have a minimal silicosis. Dr. Enzer found silicosis. Dr. Lauretti, Lakey's doctor, so advised plaintiff when he was refused employment in 1950. The commission found that plaintiff had silicosis due to his employment as a chipper. The commission found that the medical testimony clearly indicates that plaintiff does not have any physical disability because of his silcosis. The commission found that plaintiff had suffered a substantial wage loss because he has the occupational disease of silicosis, and that the date of the disability was November 29, 1944. The commission further found:
"The plaintiff is entitled to receive and recover compensation from the Campbell, Wyant & Cannon Foundry Company at the rate of $11.61 per week from November 29, 1944, to August 15, 1946, except for the time spent by the plaintiff in the marines, and at the rate of $9.83 a week from August 15, 1946, to January 1, 1951, and at the rate of $6.48 per week from January 1, 1951, to June 25, 1951; and at the rate of $4.24 per week from June 25, 1951, and until the further order of the commission or until an aggregate total of $4,000 has been paid."
The defendants claim that the provision of part 2, § 9, of the workmen's compensation act, extending compensation payments to 750 weeks for permanent and total disability is not applicable to silicosis cases. Defendants further claim, applicable to this case, the provision of the act limiting payments to 500 weeks.
At the period in question, part 2, § 9, of the workmen's compensation act, CL 1948, § 412.9 (Stat Ann 1943 Cum Supp § 17.159), provided as follows:
"While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, *143 a weekly compensation equal to 66-2/3 per centum of his average weekly wages, but not more than $21 nor less than $10 a week; and in no case shall the period covered by such compensation be greater than 500 weeks from the date of the injury, nor shall the total amount of all compensation exceed $10,500, except for permanent and total disability, when the compensation shall be paid for 750 weeks from the date of the injury."
Part 7, § 4, as amended by PA 1943, No 245 (Stat Ann 1943 Cum Supp § 17.223), provided, in part, as follows:
"Compensation shall not be payable for partial disability due to silicosis or other dust disease. In the event of temporary or permanent total disability or death from silicosis or other dust disease, notwithstanding any other provisions of this act, compensation shall be payable under this part to employees or to their dependents in the following manner and amounts: If disablement or death occurs during the first calendar month in which this act becomes effective not exceeding the sum of $500; if disablement or death occurs during the second calendar month after which this act becomes effective not exceeding the sum of $550; thereafter the total compensation and benefits payable for disability and death shall increase at the rate of $50 each calendar month. The aggregate amount payable shall be determined by the total amount payable in the month in which disablement or death occurs. In no event, shall such compensation exceed an aggregate total of $4,000."
We have held that under part 2 of the act, compensation is limited to 500 weeks. See Wright v. Mitchell Brothers Co., 275 Mich 591, 594.
Part 7, § 4, does not expressly state that no provision in part 2 of the act shall apply to silicosis cases. Contrariwise, the legislature left all terms of payments but maximum payments, out of said section *144 4. It is certainly proper and necessary to imply that terms of payment other than maximum are to be found in part 2.
Part 7, § 3 (CL 1948, § 417.3 [Stat Ann 1950 Rev § 17.222]), provides that an employee is entitled to compensation and medical expenses, "all as provided in part 2 of this act, except as hereinafter stated in this part."
Plaintiff cites Syrjala v. Castile Mining Co., 316 Mich 125, for his contention that the limitation in number of weeks in part 2 does not apply to the instant case. The form in which the silicosis sections were left in 1937 governed the Syrjala Case. We there said, "There is no such provision in the statute," referring to the limitation in number of weeks in the amendatory silicosis and dust disease act (part 7, § 4). Further, in the Syrjala Case we recited (p 131), "Amendments made in 1943 and 1945 do not apply." The statute of 1943 where applicable would govern the instant case.
No uniform rule can be laid down that all the restrictive clauses in certain rules in part 2 apply to provisions in part 7 without leaving at least some of the regulations in part 7 in hopeless confusion.
There seems to be a well-established practice of referring to sections in part 2 for the regulations fixing weekly payments of employees' compensation provided for in part 7. Contrariwise, in view of the various provisions of section 4 especially, the fixing of a grand total for payments at $4,000 can be considered to imply a negative for borrowing from part 2 other limitations of total.
We conclude, in harmony with the Syrjala Case, that the 500 or 750 weeks limitations in part 2 do not apply to this case but that $4,000 is the maximum aggregate total. In all there is no ground for requiring present payment of the balance, to make up $4,000. In other words, in silicosis cases, we find *145 no occasion for borrowing from part 2 any rule governing total payments for silicosis cases in any particular because we find in silicosis sections in part 7 a regulation expressly limiting total payments.
The order by the circuit judge contained the following:
"Defendants having complied with the award up to June 29, 1954, it is hereby determined that the plaintiff is entitled to compensation at the rate of $4.24 per week from June 29, 1954, to and including March 14, 1955, being in the sum of $156.88 and to continue from that date at the rate of $4.24 per week until the additional amount of $627.61 is paid for a grand total of $4,000 payable by the virtue of the order of the workmen's compensation commission."
The judgment appealed from is affirmed. No costs, a construction of the statute of public importance being involved.
DETHMERS, C.J., and SHARPE, SMITH, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.